CHARLES G. HAVENS et al., Respondents, *v.* BENJAMIN A. WILLIS, Impleaded, etc., Appellant.

Upon assignment of certain bonds, and of a mortgage given as security therefor, the mortgagees guaranteed payment.  In consideration of the discontinuance of an action upon one of the bonds which was executed by R., and of other considerations, one E. executed to the assignee a mortgage upon his lands as additional security.  Upon foreclosure of the original mortgage, a deficiency arose, which the guarantors paid upon assignment of the second mortgage.  In an action to foreclose the second mortgage, defendant W., who was the owner of the equity of redemption, defended on the ground that as to him the guarantors as well as the obligors were the principals for whose liabilities his lands were security, and the former having simply discharged their own obligation, the security was released.  *Held* untenable; that such security was an independent one having no reference to the obligation of the guarantors; that the latter, upon payment of the deficiency, were entitled to be subrogated to the security, and had a legal right to enforce the same.

(Argued October 13, 1885; decided November 24, 1885.)

APPEAL by defendant, Benjamin A. Willis, from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 30, 1883, which

affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed jointly by Benjamin F. Raynor and Edwin F. Raynor, but upon lands owned by the latter, to Mary Griffin.

It appeared that upon the conveyance of certain premises to James W. Gillies, which were in fact purchased on the joint account of the grantee, Benjamin F. Raynor and William H. Raynor, each of the three executed to the grantors, Havens, Godwin and Peck, his individual bond for his share of the purchase money unpaid, all of which were secured by mortgage on the lands conveyed, executed by Gillies. The obligees assigned the bonds and accompanying mortgage to Mary Griffin, guaranteeing the payment of the bonds. By the terms of the bond given by Raynor, in case of default in the payment of interest thereon for a specified term, the principal became due, at the option of the holder. Default having been made, Mrs. Griffin brought an action thereon, setting forth her election to consider the principal due, etc. An arrangement was subsequently made that in consideration of the giving of a mortgage by Edwin F. Raynor, son of Benjamin F. Raynor, on lands owned by the former, as additional security for the payment of the bond of the latter, the suit should be discontinued and the forfeiture waived. In pursuance of this agreement, the mortgage in question was given, Benjamin F. Raynor joining therein. It contained these recitals.

" Whereas, The party of the second part holds a bond, securing payment of $24,000 and interest, dated the 30th day of June, 1873, executed by Benjamin F. Raynor to George H. Peck, Joseph H. Godwin and Charles G. Havens, and by them assigned to her by assignment containing their covenant of guaranty, and which bond (with others) was secured by a certain mortgage executed to said obligees by James W. Gillies and wife, and also assigned to and held by the party of the second part ; and, whereas, the interest due on the 30th day of June last past being in arrears, an action was commenced and is pending for the recovery by the party of the second

part from the said Benjamin F. Raynor, of the principal sum so secured by such bond, and the interest thereon from the 30th day of December, 1875; and, whereas, at the request of the party hereto of the first part, and of the said Benjamin F. Raynor, the party of the second part covenants to accept the additional security of these presents, and to thereupon waive the right to now demand payment of the said principal, by reason of such default in payment of the interest due on the 30th day of June last, and to discontinue the said suit on prompt payment of the said interest and costs. Now this indenture witnesseth," etc.

The discontinuance was consented to by the guarantors. The said bond, when the principal thereof fell due, was not paid, and an action to foreclose the original mortgage was instituted. The mortgaged premises were sold under the judgment therein, and the net proceeds of sale apportioned and applied upon the bonds secured thereby, leaving a deficiency, which was paid by the guarantors, Godwin, Havens and the executors of Peck, plaintiffs herein, upon assignment to them of the foreclosure judgment and the mortgage in suit. Defendant Willis, to whom the mortgaged property had been conveyed, alone defended.

*Benjamin A. Willis* for appellant. The liability of a guarantor arises solely from his engagement, and not from the consideration, and no recovery can be had unless the cause of action falls within the guaranty, however minute the differences between them. The obligation should be construed strictly and favorably to the surety if the terms justify. (*Ray* v. *Groves*, 6 Binn. 376; *Merchants R.* v. *Heard*, 5 Cush. 461; *Hunt* v. *Smith*, 17 Wend. 479; *Bigelow* v. *Benton*, 14 Barb. 128; *Russell* v. *Clark*, 7 Cranch, 79; *Ludlow* v. *Simond*, 2 Cai. Cas. 1; *Walsh* v. *Bailee*, 11 Johns. 180; *Myers* v. *Edge*, 7 Term R. 254; *Rogers* v. *Kneeland*, 10 Wend. 218; *Leggett* v. *Humphreys*, 21 How. [U. S.] 66.) In this case, as between the plaintiffs and the maker of the additional mortgage, there can be no equities in favor of the former. (*Barnes* v. *Mott*, 64 N. Y. 397; *Hinckly* v. *Kreity*, 58 id. 583; *Burns* v. *Huntington Bk.*,

1 Penn. 395 ; *Pott* v. *Nathans,* 1 W. & S. 155 ; *McCormick* v. *Irvin,* 35 Penn. St. 111.) Whatever was the effect of the mortgage in suit upon the rights or remedies of the plaintiffs they were not thereby discharged, nor can they be heard to complain of it because they assented to it. ( *Wright* v. *Storrs,* 32 N. Y. 700.) If there should be separate bonds given, with the different sureties, and one bond is intended to be subsidiary to and a security for the other, in case of default in payment of the latter, and not to be a primary, concurrent security, in such a case the sureties in the second bond would not be compelled to aid those in the first bond. (*Nicholson* v. *Revell,* 4 Ad. & Ell. 675 ; *Pledge* v. *Buss,* Johns. Eng. Ch. 663 ; Story's Eq. Jur., § 498 ; *Leonard* v. *Vredenburgh,* 8 Johns. 29 ; *Farlee* v. *Cleveland,* 4 Cow. 432 ; *Emerson* v. *Slater,* 22 How. 28 ; *Bowditch* v. *Green,* 3 Metc. 360 ; *Parks* v. *Hall,* 2 Pick. 210 ; *Overlook* v. *Hills,* 8 Greenl. 383; Story on Bailments, § 339 ; *Crafts* v. *Trillon,* 2 Moore, 411 ; Burge on Suretyship, 42, 386 ; Edwards on Bills, 570 ; *Newcombe* v. *Raynor,* 21 Wend. 108 ; *Craythorne* v. *Swynburne,* 14 Ves. Jr. 161; *Remington* v. *Staats,* 1 Supr. Ct. 394 ; *McDonald* v. *Magruder,* 3 Peters, 470 ; *Harris* v. *Warner,* 13 Wend. 401 ; Fell on Suretyship [2d Am. ed.], 307 ; *Norton* v. *Coon,* 3 Cow. 132.) The additional mortgage to Edwin F. Raynor was not assignable, so as to vest any right of action or remedy upon it in the assignee ; it is not a negotiable security by its terms. In the instrument itself appears a limitation ; it is by its very terms, by express words, a security to Mary Griffin personally, to her alone and for her benefit alone. Such being the case, the assignment to plaintiffs was void and conferred no right upon them. (*Smith* v. *Starr,* 4 Hun, 123; *Barlow* v. *Myers,* 64 N. Y. 41 ; *Wheat* v. *Rice,* 20 N. Y. Weekly Dig., No. 13 ; 1 Vern. 196 ; 2 id. 293 ; 3 Russ. 424 ; 3 Merivale, 272 ; *Smith* v. *Dickenson,* 6 Humph. 261; *Lamoreaux* v. *Hewitt,* 5 Wend. 307 ; Story on Notes, § 484 ; 2 Am. Lead. Cas. 314; 2 Rob. Pr. [N. S.] 298 ; Daniels on Neg. Paper, § 1774 ; *Evansville Bk.* v. *Kaufman,* 93 N. Y. 279 ; *Robbins* v. *Bingham,* 4 Johns. 476 ; *Turner* v. *Davies,* 2 Esp. N. P. C. 478 ; Theobold, 197 ;. *Gibbs* v. *Bryant,* 1 Pick. 118 ;

*Longley* v. *Griggs*, 10 id. 121; *Vrooman* v. *Turner*, 69 N. Y. 284; *Garnsey* v. *Rogers*, 47 id. 233; *Merrill* v. *Green*, 55 id. 270.) The additional mortgage of Edward F. Raynor contains no personal covenant, no acknowledgment of indebtedness, no promise to pay under such conditions. With such elements in the case, plaintiffs cannot maintain their action. (*Culver* v. *Sisson*, 3 Comst. 264; *Weed* v. *Coville*, 14 Barb. 242; *Briscoe* v. *King*, Cro. Jac. 281; *Suffield* v. *Baskerril*, 2 Mod. 36; *Smith* v. *Stuart*, 6 Blackf. 162; *Scott* v. *Field*, 7 Watts, 360; *Salisbury* v. *Phillips*, 10 Johns. 57; *Turk* v. *Ridge*, 41 N. Y. 407.) As it was not proved on the trial, or alleged in the complaint, that an execution upon the judgment was issued or returned unsatisfied, it was incompetent for the court to make a decree of foreclosure. (*Schaffer* v. *Doscher*, 72 N. Y. 491; Code of Civ. Pro., §§ 1629, 1630; *Shuefeldt* v. *Shuefeldt*, 9 Paige, 137; *Bache* v. *Purcell*, 51 How. Pr. 270; *Ward* v. *Fryers*, 19 Wend. 493.) Plaintiffs should have obtained leave to sue. (*Schaeffer* v. *Doscher*, 72 N. Y. 491; *Eq. L. Ins. Co.* v. *Stevens*, 63 id. 342; *Suydam* v. *Bartle*, 9 Paige, 294; *In re Collins*, 17 Hun, 289; *Engle* v. *Underhill*, 3 Edw. Ch. 250.) Benjamin F. Raynor was a party defendant in the original foreclosure; no decree of deficiency was asked against him; having no interest in the controversy and not being held for any personal liability, he took no precaution to protect his interests. Such being the case, all claim and demand against him, for which the additional mortgage is holden, was waived and extinguished. (*Cook* v. *Grant*, 1 Paige, 411; *Stowell* v. *Chamberlain*, 60 N. Y. 276; *Ferris' Case*, 6 Coke, 7; *Bigelow* v. *Winsor*, 1 Gray, 299; *Bagot* v. *Williams*, 3 B. & C. 235; *Cowper* v. *Smith*, 4 M. & W. 519; 2 Pars. on Notes and Bills, 238; *Cage* v. *Cassidy*, 23 How. [U. S.] 109; *Clark* v. *Mackin*, 95 N. Y. 352; *Twombley* v. *Cassidy*, 82 id. 155; 1 Story's Eq. Jur., § 325; *Pardee* v. *Van Aukin*, 3 Barb. 534; *Ellsworth* v. *Lockwood*, 42 N. Y. 89; *Wright* v. *Morley*, 11 Ves. 12; *Parsons* v. *Briddock*, 2 Vern. 608.) The court erred in admitting the evidence of payment of the

deficiency by the plaintiffs. (*First Nat. Bk.* v. *Wood*, 71 N. Y. 411.)

*Samuel Hand* for respondents. The plaintiffs had a right to foreclose the E. F. Raynor mortgage, not only as against Willis, the grantee of the mortgagor, but the whole world. They were entitled to enforce it to indemnify themselves. (*Hayes* v. *Ward*, 4 Johns. Ch. 123; *Townsend* v. *Whitney*, 75 N. Y. 425; . *Vose* v. *F. R. R. Co.*, 50 id. 369.) Plaintiffs as guarantors and sureties of the bond to Mrs. Griffin having paid the debt, even though they had taken no assignment, the law would operate an assignment by subrogation and give them all the rights, remedies and securities which Mrs. Griffin had, and entitle them to collect the amount out of any subsequent sureties. (*Hinckley* v. *Kreitz*, 58 N. Y. 583; *Barnes* v. *Mott*, 64 id. 403.) Edwin F. Raynor sustains toward Mrs. Griffin the re-lation of surety for a debt, Benjamin F. Raynor being the principal debtor. (*Barnes* v. *Mott*, 64 N. Y. 397; *Hinckley* v. *Kreitz*, 58 id. 583.) Sureties becoming such at different times or by different instruments, for same debt, are co-sureties and liable to each other for contribution — this, too, although the sureties are ignorant of each other's engagements. (*Wells* v. *Miller*, 66 N. Y. 255.) The giving of the $60,000 bond and mortgage in payment of the deficiency cannot be considered as so much money paid for the defendants' use. (*Cummings* v. *Hackley*, 8 Johns. 156; *First Nat. Bk.* v. *Wood*, 71 N. Y. 411.) Authority to sue was at the very basis of the right to sue; there was no right of action until the court had given one. (*Schaffer* v. *Doscher*, 72 N. Y. 491; *McKenna* v. *Robinson*, 84 id. 105; *Earle* v. *David*, 86 id. 634.) Edwin F. Raynor was entitled to full benefit of all collateral securities held by the creditor, which the creditor had taken as an additional pledge of her debt. (3 Kent's Com. 126; 1 Story's Eq. Jur., § 325; *Cary* v. *Bernard*, 56 N. Y. 50; *Pitts* v. *Condon*, 2 N. Y. 352.) The failure of plaintiff in the original foreclosure, either to demand or recover a judgment for deficiency against Benjamin F. Raynor, the principal debtor, extinguished the

claim against the principal debtor and released the debt, and the release of the debt discharged the surety. (*Cowper* v. *Smith,* 4 M. & W. 519; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *La Guen* v. *Gouverneur,* 1 Johns. Cas. 430; *Cook* v. *Grant,* 1 Paige, 411; *Eq. L. Ins. Co.* v. *Stevens,* 63 N. Y. 341.)

MILLER, J. The mortgage which is the subject of foreclosure in this case was executed as an additional security to another mortgage, which had been previously executed and assigned to one Mary Griffin, the payment thereof having been guaranteed by Messrs. Peck, Godwin and Havens, to whom it was originally given. Mrs. Griffin by foreclosure of the last-named mortgage realized a portion of the money secured, and a deficiency remained of $11,563.14. For this amount the assignors of the mortgage, as guarantors, were sureties to her. They paid this deficiency to her, taking an assignment of the mortgage now in suit, and all the securities, rights and remedies for such deficiency.

In accordance with their obligation as guarantors, upon well-settled principles of law, they were clearly entitled to be subrogated to all the securities which were held as collateral to the debt secured by the original mortgage. The mortgage involved in this action was obtained by Mrs. Griffin as security from B. F. Raynor for a demand she held against him, and when the guarantors paid the debt they were entitled to the assignment of the same. It is not important to consider the reasons which induced E. F. Raynor to unite with B. F. Raynor, the debtor, in the execution of the mortgage which was upon the lands of the former; it is quite sufficient that the creditor for a good consideration took this additional security for the payment of her demand against B. F. Raynor and held the same when the guarantors of that debt paid it and received from Mrs. Griffin an assignment of this mortgage. They thus became entitled to all benefits arising from the security and had a legal right to enforce the same in order to protect themselves against the deficiency they were legally liable to pay.

The fact that the appellant became the owner of the mort-

gaged premises after the mortgage had been executed confers upon him no right to claim that the grantors of the mortgage, assigned by them to Mrs. Griffin, were not entitled to enforce their lien.   The appellant purchased subject to this lien, and he occupies no position, as surety or otherwise, which authorizes him to claim that the guarantors named have no remedy by virtue of the mortgage assigned to them.   This mortgage was an additional or a further security, and in the hands of the original mortgagee it could have been enforced at any time after it became due.   The remedy most certainly would be complete when there was a deficiency arising upon a sale under the mortgage to which it was collateral or additional security. The plaintiffs, by virtue of the assignment to them and by operation of law, occupied precisely the same position as Mrs. Griffin, and are entitled to invoke the same remedies.   Their right against the appellant is clear and unquestionable, and we are unable to perceive that any defense exists against the mortgage.   The claim of the appellant rests upon the hypothesis that the mortgage on its face declares it was a supplemental security, additional to the bond of Raynor, the mortgage of Gillies and the guarantee of the plaintiffs, and that it thereby became an additional and not a new security substituted for others, discharging or impairing others, but a surety for all before who were principals as to E. F. Raynor.   We think there is no foundation for this position, and that the doctrine of principal and surety has no application to the facts presented.   In no sense and upon no sound principle can the mortgagor be regarded as a surety for the original mortgagor or for the guarantors of the mortgage on the assignment thereof to Mrs. Griffin.   The security taken was a new, independent and additional one, having no reference to the obligation of the guarantors.   It was the same as if the mortgagor had procured other securities to be assigned to Mrs. Griffin with a view of adding to the strength of that already given, and in such a case there can be no dispute as to the right of the holder or assignee to pursue his remedy upon either of the securities

without regard to and independent of the rights of those who are connected with the other securities. The 'holder' would have an undoubted right to collect the one or the other as he might deem best for the promotion of his interest. No subsequent incumbrancer or owner of premises included in the mortgage assigned or given as an additional security has the right to claim that he is a mere surety of the guarantors upon a prior mortgage on other premises.

It is very plain that Messrs. Peck, Godwin and Havens, being guarantors and entitled to subrogation as such, independent of any assignment, would have the same rights which were enjoyed by Mrs. Griffin, and would be fully authorized to collect the amount due out of any additional security or any subsequent surety taken by her. This rule would certainly apply as the mortgage was given as an additional consideration for the benefit of B. F. Raynor, the party who originally and throughout was bound to pay the debt, while Peck, Godwin and Havens only became guarantors on a private sale of the mortgage to Mrs. Griffin, and not in any respect for the benefit of B. F. Raynor nor in any way connected with him.

It would be enlarging the doctrine as to the liability of persons as sureties beyond any adjudicated case and to a very great extent, to hold that the appellant, as a subsequent owner of the land after the lien had been created, under the circumstances presented, was entitled to be relieved from the effect of the mortgage.

The other questions raised which demand special attention are sufficiently considered in the opinion of the General Term.

The judgment should be affirmed.

All concur, except EARL, J., dissenting, and RAPALLO, J., not voting.

Judgment affirmed.