## INTERNATIONAL INDEMNITY CO. v. STEIL.*

Circuit Court of Appeals, Eighth Circuit.
January 24, 1929.

No. 8005.

William M. Burton, of Omaha, Neb. (Rosewater, Mecham & Burton, of Omaha, Neb., and Strong & Seff, of Sioux City, Iowa, on the brief), for plaintiff in error.

F. E. Gill, of Sioux City, Iowa (Burgess & Gill, of Sioux City, Iowa, on the brief), for defendant in error.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

MARTINEAU, District Judge. On May 26, 1926, the International Indemnity Company, defendant in the court below, insured Lloyd Sleezer against loss from liability for damages arising out of the use of his automobile. On June 26th, following, Lloyd Sleezer, while operating his automobile, collided with a train, causing injury to the plaintiff, Maude A. Steil, and to himself. From his injuries he died on the following day.

The contract of insurance was an Iowa contract, but the collision occurred in South

*Rehearing denied April 12, 1929.

Dakota. After being injured, Sleezer was taken to Iowa, where he died. An administrator of his estate was appointed in Iowa. The plaintiff sued Sleezer's administrator in Iowa, for injuries sustained in the automobile accident, and recovered a judgment for $11,500. The defendant was notified of the suit against the Sleezer estate, but made no defense. This judgment remains unpaid, and is uncollectible out of the estate of Sleezer.

Suit was then instituted by the plaintiff against the defendant insurance company for $5,000, the face of the policy, which it had issued to Sleezer, and the court below rendered judgment for that amount with interest. From this judgment the defendant prosecutes this writ of error.

There is no substantial dispute as to the material facts in this case. The insurance policy sued on was issued and delivered, and the premiums paid. There are many issues of law raised by the pleadings and argued in the briefs of counsel, but we are of the opinion that a decision upon only one of these issues is necessary to dispose of the case.

Condition 9 of the policy provides that: "No action for the recovery of any loss covered by this policy arising or resulting from claims upon the assured for damages, shall be sustainable until the amount of such loss shall have been determined by a final judgment against the assured by the court of last resort after trial of the issue."

Condition 10 of the policy is as follows: "It is a condition of this policy that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of this policy, and in case execution against the assured is returned unsatisfied in an action brought by the injured person, or his or her personal representative, in case death results from the accident, that action may be maintained by such injured person, or his or her personal representative against the company under the terms of this policy for the amount of the judgment in such action, not exceeding the amount of the limits of indemnity provided in this policy."

Section 8940, Code Iowa 1924, after providing that an insurance company may, in Iowa, insure owners against liability for loss arising out of the use of their automobiles, contains this further provision: "Provided, that should an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured, or whose property is damaged, when such own-

er or operator has insured his liability for such personal injury or damage, the judgment creditor shall have a right of action against the insurer to the same extent that such owner or operator could have enforced his claim against such insurer had such owner or operator paid such judgment."

■ The judgment of the plaintiff against the Sleezer estate is final. The judgment of a trial court having jurisdiction both of the subject-matter and of the parties is final, where no appeal is prosecuted. Montgomery v. Alden, 133 Iowa, 675, 108 N. W. 234, McDonald v. Grand Trunk Ry. Co.. 71 N. H. 448, 52 A. 982, 59 L. R. A. 448, 39 Am. St. Rep. 550. The evidence in this case shows beyond question that the estate of Sleezer is insolvent.

■ These facts being established, both under the conditions of the policy and the Iowa law, the defendant is liable to plaintiff in the amount of its policy, unless the judgment which was obtained against the Sleezer estate is tainted either with fraud or collusion. The facts surrounding the collision show conclusively that the plaintiff was injured through the negligence of Sleezer. The facts with reference to the institution and trial of the suit against the administrator of Sleezer show neither fraud nor collusion. The defendant had timely notice of this suit and elected to make no defense. Under these conditions, the judgment obtained against Sleezer's estate is conclusive against the defendant, both as to issues of fact and errors of law. The contract of insurance was not only for the protection of the insured, but for the benefit of any one who was injured by his negligent operation of his automobile.

The injured party, before suing the insurance company, was required to establish his claim against the assured by a final judgment, and by showing that that judgment could not be collected. The requirement that the final judgment be obtained against the owner of the automobile before the action could be brought against the insurance company is the method provided in the policy by which the injured party may establish a claim against the insurance company. To insist that, in a suit against the insurance company, issues of law and of fact, properly triable in the suit against the insured, may be raised, would be to make this provision of the policy useless and without meaning.

We are clearly of the opinion that the judgment obtained by plaintiff in the Iowa state court is conclusive as to the defendant's liability on its policy, unless such judgment was obtained by fraud or collusion. The authorities sustain this conclusion. Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; B. Roth Tool Co. v. New Amsterdam Casualty Co. (C. C. A.) 161 F. 709.

The policy of the contract and of the Iowa law is sound in principle and just in operation. The owner of an automobile may protect himself against loss, and, in the event of insolvency, afford a reasonable degree of protection to one injured through the negligent operation of his machine. These two purposes are expressed in simple and plain language in the contract of insurance. For this protection he paid the defendant a premium. Neither a strict and limited construction of the language used, nor the application of general and technical principles of law, should be permitted to defeat these purposes. The plaintiff was injured. The estate of the insured was insolvent. The clear intent and purpose of the policy was to cover such a loss.

Therefore the case will be affirmed.