No. 30,675.

CHARLES GUST, *Appellee*, v. THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, *Appellant*.

(12 P. 2d 831.)

Opinion filed July 9, 1932.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett*, all of Pittsburg, for the appellant.

*Caroline A. Lowe* and *C. S. Denison*, both of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on an insurance policy. Judgment was for plaintiff. Defendant appeals.

Appellee is a coal miner. In 1929 he was employed by the Cowan Coal Company. While so employed he received an injury which resulted in the loss of the sight of one eye. He brought an action before the commissioner of workmen's compensation for the state and was awarded compensation. This award was appealed to the district court and sustained. Two days after the award was sustained Hal C. Cowan, as a sole trader and doing business as the Cowan Coal Company, was adjudged a bankrupt. There were not sufficient assets to satisfy the award. This action was then brought. The petition alleged the facts that have already been detailed and in

addition that on May 1, 1928, appellant had made and delivered to Hal C. Cowan an insurance policy by which appellant insured the Cowan Coal Company against liabilities arising against him by reason of the operation of the mine. A copy of the insurance policy was attached to the petition. The petition further alleged that one John Simion was the agent of appellant and had full power and authority, among other things, to make arrangements and provide for medical and physical examination of injured and disabled persons upon whom appellant issued policies of insurance, or who were entitled to make claim against appellant, or its policyholders for such disabilities, and that this agent had full power and authority on behalf of appellant to settle claims. The petition then alleged that appellee had accompanied John Simion at his verbal request to a specialist in order that the extent of the injury to the eye might be ascertained for the benefit of appellant. Judgment was asked for the amount of the award. A demurrer to the petition was filed on the ground that it did not state a cause of action. This demurrer was overruled. From that judgment this appeal is taken.

There are two grounds urged in the appeal. One is that the policy of insurance in question was for the benefit of the assured and not for the benefit of the employee and the employee has no right of action on this policy, and the policy or contract of insurance in question is not a policy of insurance under the workmen's compensation law.

In order to decide these questions it will be necessary to notice more particularly some provisions of the insurance policy that were attached to the petition.

The following provisions are deemed pertinent:

"In consideration of the statements and agreements contained in schedule indorsed hereon, and attached hereto, and made a part hereof, and the further consideration of the payment of premiums as proportionately set forth in said schedule, does hereby indemnify and agree to pay the Cowan Coal Company, Arcadia, Kan., hereinafter called the assured, the indemnities as set forth in such schedule for each class, or group of employees, such schedule signed by the assured or his authorized agent, subject to the provisions, conditions and limitations herein contained and indorsed hereon . . . against bodily injuries suffered by said employee through external, violent and accidental means while in the course of employment and actually engaged in the performance of duties for the assured at the places named in the schedule when such injuries are sustained within the period herein stated, hereinafter called such injury.

. . . . . . . . . . . . . . . . . . . .

"If such injury to the employee shall, within 366 days from the date of

accident and exclusive of all other causes, result in any of the following specific losses, the company will pay the assured in lieu of all other indemnity, the sum specified in this part for such loss; provided, however, that not more than one indemnity for specific losses shall be payable though more than one of the specific losses enumerated shall result from an accident.

. . . . . . . . . . . . . . . .

"Loss of one eye . . . seven hundred fifty dollars ($750.00). In every case referred to in his policy, the loss of any member or members above specified shall mean a loss by severance at or above the wrist joints or ankle joints and loss of eye or eyes shall mean the irrecoverable loss of the entire sight thereof.

. . . . . . . . . . . . . . . .

"If such injuries, independent of all other causes, shall from date of accident continuously and wholly disable and prevent such employee from engaging in any work or occupation for wages or profit, the company will pay the assured an amount equal to 60 per cent of the employee's wages at the rate shown to have been earned by such employee by the records of the assured for the thirty days (or total number of days if less than thirty) immediately preceding date of injury, but not exceeding eighteen dollars ($18) per week for the period of such total disability, commencing on the eighth day of disability, not exceeding fifty-two weeks in respect to any one accident.

. . . . . . . . . . . . . . . .

"The assured shall give immediate written notice to the company's home office, or to the agent who has countersigned this policy, of any accident or injury for which a claim is to be made, with full particulars thereof, and full name and address of the assured and of the injured person. Affirmative proof of death or loss of limb or of sight, or of duration of disability must also be furnished to said company within sixty days from the time of death, or of loss of limb or of sight, or of the termination of disability.

. . . . . . . . . . . . . . . .

"The premium of this policy, if calculated at a per cent of the earnings of the employees, shall be based on the entire compensation of all employees, during the policy period, except employees specifically excluded herein, and the assured shall remit to the company monthly the amount of premium so calculated. If based on a fixed amount for each employee, the assured shall remit to the company such amount as is fixed in schedule each month, except employees specifically excluded herein."

. . . . . . . . . . . . . . . .

"B. Any medical examiner of the company shall be allowed to examine the person or body of the injured employee in respect to any alleged injury, as often as may be required."

After enumerating certain exceptions which the policy would not cover it contained the following language:

"Provided, however, if the assured is held legally liable for an injury so excepted above, by a court, or under a workmen's compensation act, these exceptions shall not be effective, but in no case shall the company be liable in excess of the indemnity provided herein."

It will be seen that the insuring clause of the policy is a contract between appellant and the Cowan Coal Company with no reference to a right of action in the employees, and that the company is referred to throughout the policy as the insured.

Appellee argues that this contract in the policy of insurance is for the benefit of the employees and that under well-established rules where a contract is made between two parties for the benefit of a third the third party can maintain an action on the contract even though he is not a party to it. Appellant acknowledges this rule as laid down in *Burton v. Larkin,* 36 Kan. 246, 13 Pac. 398, but argues that this case comes within the rule further laid down in that case, where this court said:

"It is not every promise made by one to another from the performance of which a benefit may inure to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited in order to be entitled to sue upon it." (Syl. ¶ 3.)

The question in the case is whether under the terms of this policy it may be said that this is a contract made between the coal company and appellant for the benefit of the employees. In order to answer this question we must consider not only the contract itself, but the circumstances and surroundings of the parties at the time the contract was executed. From the petition we learn that appellee was an employee of the coal company at the time the contract was executed. The terms of the policy, among other things, provide that the medical examiner of the insurance company should be allowed to examine any injured employee as often as may be required. The mining company had no authority to bind the employee to submit to an examination. It would seem that the inclusion of this provision in the policy is some indication that at the time the contract of insurance was executed the intention of both parties was that the contract was for the benefit of the employees of the coal company.

It will be seen that the policy provided that it should not cover injuries to workmen received under certain circumstances, but the proviso attached to that clause is as follows:

"Provided, however, if the assured is held legally liable for an injury so excepted above, by a court, or under a workmen's compensation act, these exceptions shall not be effective, but in no case shall the company be liable in excess of the indemnity provided herein."

This proviso would not have been in the policy except that both parties to it contemplated that injuries would be submitted to the workmen's compensation commission. It will be noted that this proviso provides that the exceptions shall not apply if the coal company is held liable for an injury, rather than is compelled to pay for an injury. Here again we have a provision in the policy strongly persuasive that the intent of the parties was that the policy was one for the benefit of the employee in case the coal company should become liable to an employee. The next clause in the policy is as follows:

"D. The assured shall not, except at his own cost, pay or settle any claim without the written consent of the company. The receipt of the assured to the company for any settlement made shall fully acquit the company of all liability in such case."

Why the provision with reference to the assured settling a claim without the consent of the insurance company, unless it was contemplated that an injured employee would have a right of action against the company? Unless it was contemplated that the injured employee would have a right of action against the insurance company why include a provision that the receipt of the assured to the company for settlement made would fully acquit the company?

There are many other provisions in the policy which lend weight to the contention that when the minds of the parties met in the contract of insurance they met on the proposition that the contract was being entered into for the benefit of the employees of the coal company. Added to this is the circumstance of the practice which is so universal in the coal fields of Kansas that this court will take judicial notice of it that the coal companies operating in this state carry insurance for the benefit of their workmen. An argument is made on behalf of appellant that the policy was merely an accident policy; that the coal company had an insurable interest in its workmen; and that the policy was taken out merely for the benefit of the company. This argument is not persuasive. The company would hardly pay the premiums necessary to carry a policy of this kind just to indemnify itself for the loss that it would sustain if it should lose one of its employees on account of injury. Undoubtedly the reason the coal company carried the policy was that it might not lose in case it was held liable for an injury to an employee. If that conclusion be reached, then it is but a step to the conclusion that the policy was carried for the benefit of the employee as a third

party. It has been held that on a suit by a third person on a written contract made by two other parties evidence which raised the inference that the contract was made for the benefit of the third person was admissible and was sufficient to sustain the right of the plaintiff to maintain the action. (*Ross v. Bank,* 113 Kan. 213, 214 Pac. 94.) Here the facts and circumstances pleaded do much more than raise an inference to that effect. The conclusion is inescapable that the contract was intended for the benefit of the workmen.

Appellant makes a strong argument that the policy is not one for workmen's compensation insurance. The conclusion at which the court has arrived is not that the policy in question should be designated as any particular kind of insurance. The conclusion is that considering the contract itself and the circumstances and surroundings of the parties to it and under which it was entered into, the contract was consummated by the coal company and appellant for the benefit of the employee injured as a member of a class designated in the contract. Since this is the case, then under the authorities heretofore cited the appellee had a right to maintain this action.

The judgment of the district court is affirmed.

HARVEY, J. (concurring specially): I concur in the result. While I have no serious objections to the interpretation of the policy made in the opinion, it seems to me to be an unnecessarily strained interpretation. In affirming the ruling of the trial court I prefer to state the following reasons: Employees and workmen in mines are within the provisions of our workmen's compensation act, whether they so elect or not, and without regard to whether there are five or more workmen (R. S. 1931 Supp. 44-505, 44-507, 44-508 [c]). Unless the employer has an approved substitute scheme of compensation (R. S. 1931 Supp. 44-537) he is required to secure the compensation payable under the act by carrying insurance, or by making a showing of his financial responsibility so he may be a self-insurer (R. S. 1931 Supp. 44-532). The policy of insurance shall be in accordance with the provisions of the compensation act, and shall provide that the same may be enforced by the employee (R. S. 1931 Supp. 44-559). So the terms of such a policy are provided by statute. Now, it is my notion that neither the employer nor the insurer who writes an insurance policy for the employer's workmen can be heard to say that the policy contains provisions less favorable to the workman than the statute provides. To permit either of them to do so would

render nugatory the insurance provisions of our workmen's compensation law, and would seriously cripple the law itself.

This appeal is from an order of the court overruling a demurrer to plaintiff's petition. He alleged that the parties were engaged in mining and operating under the workmen's compensation act; that he sustained an injury compensable under the act; that in due time he made claim for compensation, which claim was heard by the compensation commissioner, and he was awarded compensation in the sum of $1,764, which award has become final, and the action is brought directly on the policy for the amount of the award. Appellant contends the employer cannot sue on the policy because it contains no provision authorizing him to do so. The statute requires it to have such a provision, and if it is absent it will be read into the policy by virtue of the statute. Appellant argues that its policy limits its payment to $750 for an injury such as plaintiff sustained. It had no right to limit its liability to less than the compensation act provides. If that were permitted, compensation provided by the compensation act would not mean much to workmen.

The order of the trial court overruling the demurrer to the petition should be affirmed. The only defenses available, as I now see them, are that the employer had an approved substitute scheme of compensation, or had made a showing and had been authorized to be a self-insurer.

BURCH, J., concurring.