In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to Property Along Smith Street, West Ninth Street, Tenth Street, from Fourth Avenue to Fourth Place, in the Borough of Brooklyn, City of New York, Required for Rapid Transit Purposes, Route 109, Section 3.

In the Matter of the Application of ROSARIO SCHILLACI and Another, for the Payment of Award Made for Damage Parcel No. 67 on the Damage Map and in the Final Decree in a Certain Proceeding, Entitled " In the Matter of the Application of The City of New York, Relative to Acquiring Title to Property Along Smith Street, West Ninth Street, Tenth Street, from Fourth Avenue to Fourth Place, in the Borough of Brooklyn, City of New York, Required for Rapid Transit Purposes, Route 109, Section 3."

BOND AND MORTGAGE GUARANTEE CORPORATION, Agent for BOND AND MORTGAGE GUARANTEE COMPANY, in Rehabilitation, Appellant; ROSARIO SCHILLACI and Others, Respondents.

Second Department, March 25, 1935.

*Samuel C. Whitman*, for the appellant.

*Joseph Gans*, for the respondent Frieda Zalmowitz.

SCUDDER, J. The Bond and Mortgage Guarantee Corporation, agent for Bond and Mortgage Guarantee Company, in rehabilitation, appeals from an order directing the comptroller of the city

of New York to pay, not only the principal of a $9,000 mortgage, but also the interest thereon, for a stated period, to the holder of such mortgage. The order also voids a lien filed with said comptroller by the guarantee corporation. The title to the property upon which the mortgage was a lien vested in the city of New York June 19, 1930, through condemnation proceedings. The mortgage was guaranteed by the guarantee company. The mortgagor paid no interest after the payment which became due May 1, 1930, whereupon the guarantee company, under its contract, advanced interest to the holder of the mortgage for the period from November 1, 1930, to November 1, 1932, aggregating $1,350. The final decree in the condemnation proceedings was entered January 25, 1934, and the award to the owners was fixed subject to the $9,000 mortgage. No provision was made in such decree for payment of interest to the guarantee company for the advances made by it to the holder of the mortgage. The guarantee company wrote the city comptroller on September 12, 1934, requesting the latter to note the amount of interest which had been advanced, but no specific amount was stated.

The order from which the present appeal is taken requires the comptroller to pay $24,592.81 to Rosario and Carolina Schillaci, and, upon filing a satisfaction or release of the $9,000 mortgage, to pay such sum to Frieda Zalmowitz, the mortgagee, with interest from May 1, 1930.

The injustice of sustaining such order is that the mortgagee will receive duplicate payments of interest. She claims that the advancement of interest to her by the guarantee company created a loan or debt owed by her to the company and which she has the right to offset against her own claims against such company by virtue of other mortgages held by her and which are guaranteed by the same company but which do not affect the property for which said award was made.

The guarantee company, as guarantor, was a surety and, therefore, entitled to assert the right of subrogation. (*Havens* v. *Willis,* 100 N. Y. 482; *Cole* v. *Malcolm,* 66 id. 363, 366.)

The principle stated in *McGrath* v. *Carnegie Trust Co.* (221 N. Y. 92) and *Hanlon* v. *Union Bank of Medina* (247 id. 389), to the effect that the equity of subrogation does not arise until the whole debt has been discharged, has no application, because the whole debt was discharged.

Each installment of interest, as it fell due, was a " whole debt " and may be treated as such. Advancement to the mortgage holder of each complete installment of interest is, therefore, payment of such claim in full.

The order appealed from should be modified by striking out the last two paragraphs thereof and by inserting in lieu thereof a provision that said corporation-appellant has a valid lien against the fund in the hands of the comptroller for the sum of $1,350, and directing the comptroller to pay that sum to said corporation. As so modified the order should be affirmed, with ten dollars costs and disbursements to Bond and Mortgage Guarantee Corporation, as agent, payable by respondent Frieda Zalmowitz.

LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and JOHNSTON, JJ., concur.

Order modified by striking out the last two paragraphs and by inserting in lieu thereof a provision that the Bond and Mortgage Guarantee Corporation, as agent, has a valid lien against the fund in the hands of the comptroller for the sum of $1,350, and directing the comptroller to pay that sum to said corporation. As so modified, the order is affirmed, with ten dollars costs and disbursements to Bond and Mortgage Guarantee Corporation, as agent, payable by respondent Frieda Zalmowitz.