## STANDARD SURETY & CASUALTY CO. OF NEW YORK v. STANDARD ACC. INS. CO.

### No. 11409.

Circuit Court of Appeals, Eighth Circuit.
June 19, 1939.

Rehearing Denied July 10, 1939.

Douglas Stripp, of Kansas City, Mo. (E. R. Morrison and Homer H. Berger, both of Kansas City, Mo., Hobart R. Marvin, of New York City, and Morrison, Nugent, Berger, Byers & Johns, of Kansas City, Mo., on the brief), for appellant.

Charles E. Whittaker, of Kansas City, Mo. (Henry N. Ess and Watson, Ess, Groner, Barnett & Whittaker, all of Kansas City, Mo., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

SANBORN, Circuit Judge.

This appeal is from a decree of the United States District Court for the Western District of Missouri requiring the appellant to reimburse the appellee for workmen's compensation which the appellee paid to the dependents of a deceased employee of the Western Terra Cotta Company under a judgment of the District Court of Wyandotte County, Kansas, entered in a proceeding brought under the Workmen's Compensation Law of Kansas, Gen.St.Kan.1935, 44-501 et seq.; and requiring the appellant to assume liability for the unpaid future installments of compensation provided for in the judgment.

The facts are not in dispute. The Western Terra Cotta Company, at all times which are here material, was an employer subject to the Workmen's Compensation Law of Kansas. The appellant and the appellee were casualty companies licensed to write Workmen's Compensation liability insurance in that State. The appellee insured the employer against such liability incurred in the year 1934. The appellant insured it for the year 1936. The policy issued by the appellee covering the year 1934 was in exactly the same form as that issued by the appellant covering the year 1936. Joe Evans was employed by the Western Terra Cotta Company in Kansas during the years 1934,

1935, and up to May 5, 1936, at which time he suffered a strangulation of a previously existing hernia. He was taken to a hospital, and died on May 16, 1936, after an operation. The appellant was promptly notified of Evans' death, and employed a doctor to make for it a copy of the hospital record with respect to his last illness. On June 23, 1936, Susie Evans, the widow of Joe Evans, filed with the Commissioner of Workmen's Compensation for the State of Kansas a claim for compensation, in which she asserted that Joe Evans' death resulted from a compensable injury received by him in September, 1934. This claim named the employer as respondent. The Commissioner included as an additional respondent the appellee, the insurer of the employer's liability for 1934. In July, 1936, a hearing upon the claim was had before the Commissioner. The appellee assumed the defense. The appellant had a representative present at the hearing, but did not participate in it. The Commissioner determined that Joe Evans had not sustained a compensable injury in 1934, and denied the claim. On appeal to the District Court of Wyandotte County, Kansas, a judgment was entered determining, in effect, that Evans had sustained a compensable injury on May 5, 1936, resulting in his death on May 16, 1936. This judgment awarded to his dependents, Susie Evans, Raymond Evans and John Evans, funeral and medical expenses of $399.95, and the further sum of $4,000 as compensation for his death, payable in installments of $16.41 a week from May 16, 1936. An appeal from this judgment was taken to the Supreme Court of Kansas by the employer and the appellee, and that court affirmed. Evans v. Western Terra Cotta Co. et al., 145 Kan. 924, 67 P.2d 426. With respect to the liability of the appellee, the court said, 67 P.2d at page 428: "The appellant insurance carrier [the appellee here] in this court contends that it was the insurance carrier in September, 1934, but was not the insurance carrier in May, 1936; hence that it is not liable for any accidental injury at the later date. We are unable to find from the record that this question was mentioned either before the compensation commissioner or the trial court. The insurance carrier appeared before the commissioner and before the trial court without any suggestion that it was not liable. It is too late to raise the question here. In fact, we know nothing about it except what appellants now tell us in

their briefs." The appellant had been invited by the appellee to participate and assist in the presentation of the appeal to the Supreme Court of Kansas, but the invitation was not accepted. Under threat of execution, the appellee paid to the dependents of Evans what the judgment required should be paid. It also expended $246.95 in prosecuting the appeal to the Supreme Court of Kansas. Unless relieved from its liability to the dependents of Joe Evans, the appellee will have to pay the balance of the judgment.

Upon these facts, the court below concluded: (1) That the appellee was not, in equity, primarily and ultimately liable for the compensation awarded to the dependents of Evans on account of his death resulting from an accident sustained on May 5, 1936, and that the appellant was liable in equity for such compensation and ought to pay it; (2) that the appellee was subrogated to the rights of the dependents of Evans against the appellant and was also subrogated to the right of the employer to be indemnified by the appellant against the liability imposed by law upon the employer for the death of Evans; (3) that the appellee, having paid, under compulsion, $2,632.51, including $246.95, the cost of prosecuting an appeal to the Supreme Court of Kansas, was entitled to judgment for $2,632.51 against the appellant and to a decree requiring the appellant to pay all future installments of compensation provided for in the judgment of the District Court of Wyandotte County as they fall due.

The appellant contends that the judgment and decree of the court below is erroneous because: (1) The appellee failed to prove that it had a superior equity entitling it to subrogation. (2) It had merely discharged its own primary obligation. (3) It has not satisfied the debt to the dependents of Evans in full. (4) The judgment of the District Court of Wyandotte County, Kansas, is res judicata between these parties and cannot be collaterally attacked. (5) The expenditures of the appellee in prosecuting the appeal to the Supreme Court of Kansas may not be charged to the appellant.

The argument of the appellant is based upon two erroneous assumptions: First, that the determination by the District Court of Wyandotte County that Joe Evans died as the result of a compensable injury sustained in 1936 is not binding upon

the appellant; and, second, that the determination of that court that the appellee was liable to the dependents of Joe Evans constituted an adjudication binding upon the parties to this suit that the appellee was, and the appellant was not, primarily obligated to pay the claim upon which the judgment was based.

■ The determination by the State Court that Joe Evans died as the result of a compensable injury sustained in 1936 is binding upon the appellant. Its policy provided: "As between the employee and the Company [the appellant], notice to or knowledge of this Employer of any injury or death covered hereby shall be notice or knowledge as the case may be of the Company; the jurisdiction of this Employer for the purposes of any Workmen's Compensation Law covered hereby shall be jurisdiction of the Company and the Company shall in all things be bound by and subject to the findings, judgments, awards, decrees, orders or decisions rendered against this Employer in the form and manner provided by such laws and within the terms, limitations and provisions of this Policy not inconsistent with such laws." This provision of the contract is in accord with the Kansas Workmen's Compensation Law, which provides (G.S. Kansas 1935, Art. 5, 44-559): "Every policy of insurance against liability under this act shall be in accordance with the provisions of this act and shall be in a form approved by the commissioner of insurance. Such policy shall contain an agreement that the insurer accepts all of the provisions of this act, that the same may be enforced by any person entitled to any rights under this act as well as by the employer, that the insurer shall be a party to all agreements or proceedings under this act, and his appearance may be entered therein and jurisdiction over his person may be obtained as in this act provided, and such covenants shall be enforceable notwithstanding any default of the employer. (L.1927, ch. 232, § 56; June 30.)" Therefore, in the proceedings brought by Susie Evans, the widow of Joe Evans, before the Commissioner of Workmen's Compensation, the appellant was as much a party as though expressly named therein, and was bound by the final judgment entered in those proceedings.

In Murphy v. Continental Casualty Co., 134 Kan. 455, 7 P.2d 84, 85, the Supreme Court of Kansas said: "We note this statute [44-559] requires the policy to contain an agreement 'that the same may be enforced by any person entitled to any rights under this act as well as by the employer'; hence the provision authorizing an injured workman, or his dependents, to proceed directly against the insurance carrier is required to be in all policies of this character. The statute further provides 'that the insurer shall be a party to all agreements or proceedings under this act'; hence is a party to the proceedings before the compensation commissioner." Also see and compare, Gust v. Provident Life & Acc. Ins. Co., 136 Kan. 88, 12 P.2d 831; Samson v. United States Fidelity & Guaranty Co., 131 Kan. 59, 289 P. 427; Lovejoy v. Murray, 70 U.S. 1, 10, 3 Wall. 1, 10, 18 L.Ed. 129; International Indemnity Co. v. Steil, 8 Cir., 30 F.2d 654, 655; Kramer v. Morgan, 2 Cir., 85 F.2d 96, 97; B. Roth Tool Co. v. New Amsterdam Casualty Co., 8 Cir., 161 F. 709; Rhymer v. Federal Life Ins. Co., D.C., 13 F.Supp. 181; affirmed, 6 Cir., 95 F.2d 999.

■ Moreover, the appellant, having obligated itself to protect its insured from liability incurred in the year 1936, having had notice and knowledge of the proceedings against its insured based upon the death of an employee which occurred in 1936, and having been in a position where it could, and should, have managed and controlled the defense of itself and its insured with respect to any claim that the death had resulted from a compensable injury sustained in 1936, was bound by the judgment obtained in the proceedings. See, Chicago City v. Robbins, 67 U.S. 418, 2 Black 418, 422, 423, 17 L.Ed. 298; Lovejoy v. Murray, supra, 70 U.S. 1, 3 Wall. 1, 18, 19, 18 L.Ed. 129; Robbins v. Chicago City, 71 U.S. 657, 4 Wall. 657, 672, 673, 18 L.Ed. 427; Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 329-331, 16 S.Ct. 564, 40 L.Ed. 712; Souffront v. La Compagnie Des Sucreries, 217 U.S. 475, 486, 487, 30 S.Ct. 608, 54 L.Ed. 846; American Surety Co. v. Ballman, C.C., 104 F. 634, 635-637; Rust Land & Lumber Co. v. Wheeler, 8 Cir., 189 F. 321, 326; Royal Ins. Co. v. St. Louis-San Francisco Ry. Co., 8 Cir., 291 F. 358, 362; Imperial Refining Co. v. Kanotex Refining Co., 8 Cir., 29 F.2d 193, 200; International Indemnity Co. v. Steil, 8 Cir., supra, 30 F. 2d 654, 655.

■ The judgment of the District Court of Wyandotte County, Kansas, did not

determine that, as between these two insurers, the appellee was primarily liable to the dependents of Joe Evans. That issue was not tried or ruled upon by that court. This is shown by the record of the proceedings in that court which was introduced in evidence in this case and to which recourse may properly be had,[1] and is also shown by the judgment of the State District Court and by the opinion of the Supreme Court of Kansas affirming it, which also may be considered in ascertaining the thing adjudged.[2]

■ Furthermore, the District Court of Wyandotte County, Kansas, upon review of the statutory proceedings initiated by the widow of Joe Evans, was without jurisdiction to determine any controversy between these two insurers with respect to which of them was primarily liable. The Workmen's Compensation Law of Kansas provides that where an application has been made to the Commissioner for a determination of the compensation due or claimed to be due an injured employee or his dependents, the Commissioner is authorized to hear all evidence in relation thereto and "to make findings concerning the amount of compensation, if any, due to the employee." G.S.Kansas 1935, Art. 5, 44-534. That law, G.S.Kansas 1935, Art. 5, 44-556, further provides that "any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the commission [Commissioner] to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission [Commissioner]"; and that, "on any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the commission [Commissioner] as justice may require."

In Fougnie v. Wilbert & Schreeb Coal Co., 130 Kan. 410, 412, 286 P. 396, 398, the Supreme Court of Kansas said: "The jurisdiction of the district court in compensation cases is simply its power to grant or refuse compensation or to increase or diminish any award made by the commission as justice may require. Laws 1929, ch. 206. It hears no new evidence, but takes the case on the transcript of the proceedings before the Compensation Commission and makes an independent adjudication of the facts and the law therefrom."

In Orendoc v. Kaw Steel Construction Co., 131 Kan. 366, 368, 291 P. 952, 953, the court said: "The statute confers only a limited appellate jurisdiction upon the district court to review awards made by the Compensation Commission. That review is restricted to a determination of the correctness of questions of law and facts 'as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission.'"

■■ It is apparent that, as between the dependents of Joe Evans, the employer and these two insurers, it has been conclusively determined by the District Court of Wyandotte County, Kansas, that the death of Joe Evans was due to a compensable injury received on May 5, 1936, and that his dependents were entitled to recover the compensation provided by the Workmen's Compensation Law of Kansas, as determined by the judgment entered in that court. The result is that, while the appellant was bound by the determination of the State Court establishing the liability of its insured, the Western Terra Cotta Company, to pay compensation to the dependents of Evans, the appellee was left free to litigate—as between itself and the appellant—the question of the appellee's liability under its policy for a compensable injury sustained by Evans in the year 1936. Since the appellant admits that it had insured the employer against liability, under the Workmen's Compensation Law of Kansas, incurred during the year 1936, and also admits that the appellee was not an insurer of the employer during that year,

[1] Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Russell v. Place, 94 U.S. 606, 608, 24 L.Ed. 214; Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 329, 16 S.Ct. 564, 40 L.Ed. 712; Sovereign Camp, W. O. W., v. Bolin, 305 U.S. 66, 79, 59 S.Ct. 35, 39, 83 L.Ed. 45, 119 A.L.R. 478; Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F. 2d 412, 416; Clark v. Layman, 144 Kan. 711, 716, 62 P.2d 897; Brooks v. Arkansas-Louisiana Pipe Line Co., 8 Cir., 77 F. 2d 965, 968.

[2] Lawrence v. Stearns, C.C., 79 F. 878, 883, 884; Gas Service Co. v. Consolidated Gas Utilities Corp., 145 Kan. 423, 436, 65 P.2d 584; Clark v. Layman, 144 Kan. 711, 716, 62 P.2d 897; Sovereign Camp, W. O. W., v. Bolin, 305 U.S. 66, 79, 59 S.Ct. 35, 39, 83 L.Ed. 45, 119 A.L.R. 478.

it is clear that the appellant, and not the appellee, was in fact liable to the dependents of Evans and should pay the judgment obtained by them. In that situation, there can be no doubt that the appellee is subrogated to the rights of the dependents of Evans and to the right of the employer to be indemnified by the appellant. The appellee has an equity entitling it to subrogation, and we think the appellant has no equity at all. The contention that the appellee's equity is insufficient to entitle it to subrogation because the appellant was deprived of its day in court in the compensation case, is without merit, since, by the appellant's own policy and under the law of Kansas, jurisdiction of its insured was jurisdiction of it, and there was nothing to prevent it from appearing in that case if it had seen fit to do so. This is also an answer to the contention that the appellee was guilty of negligence in its presentation of its own and the employer's defense. The duty to anticipate that a claim for compensation based upon a 1934 injury would become a claim for compensation based upon a 1936 injury—if a duty at all—was as much that of the appellant as of the appellee. The appellee's failure to introduce its policy of insurance in evidence in the proceedings before the Commissioner did not prejudice the appellant.

The appellant seeks to invoke the general rule that one may not be subrogated to the rights and securities of a creditor until the claim of that creditor has been paid in full. Southern Surety Co. v. Braley, 8 Cir., 64 F.2d 893, 896; State of Mississippi v. First Nat. Bank, 5 Cir., 66 F.2d 9, 13; Bartholomew v. First Nat. Bank, 57 Kan. 594, 600, 47 P. 519; 60 C. J. 721, 747. The reason for the rule against subrogation on part payment is that the creditor cannot equitably be compelled to split his securities and give up control of any part until he is fully paid. "It [the rule] is for the benefit of the creditor, and he alone can object to subrogation under a partial payment and only to the extent that it would impair his preferred rights. The rule extends only so far as its reason goes, and is never invoked to defeat contract obligations in the interest of the debtor alone." 60 C.J. 721.

It is obvious that no reason exists for applying the rule here. The dependents of Joe Evans have been deprived of nothing by the decree appealed from, and have, if anything, been furnished additional security. The judgment which they procured in the District Court of Wyandotte County, upon its face, bound only the employer and the appellee; the decree in this suit establishes the appellant's liability to the dependents of Joe Evans for the unpaid portion of the judgment which they obtained, without releasing the appellee as a judgment debtor to them. Under such circumstances, subrogation will not be denied. Fender v. Fender, 30 Ga.App. 319, 117 S.E. 676; In re City of New York Rapid Transit Route 109, 244 App.Div. 102, 278 N.Y.S. 280; New Amsterdam Casualty Co. v. Commercial Casualty Ins. Co., 129 Miss. 466, 222 N.Y.S. 701; Prudential Ins. Co. v. Liberdar Holding Corp., 2 Cir., 85 F.2d 504.

The appellant's contention that it should not be required to pay to the appellee the sum of $246.95 which was voluntarily expended by the appellee in prosecuting the appeal to the Supreme Court of Kansas, we think should be sustained. The appellee calls attention to a provision of the appellant's policy whereby it agrees to pay all costs taxed against the employer "in any legal proceeding defended by the Company [appellant]" and "all expenses incurred by the Company for investigation, negotiation or defense". One of the reasons for taking the appeal was that the appellee hoped to have the Supreme Court of Kansas determine that it was not liable to the dependents of Evans because its policy did not cover the year 1936. Since the appellant did not defend, and did not elect to participate in the appeal, and since the appellee had an interest in the appeal and prosecuted it voluntarily, we think that the expenses of the appeal should not have been included by the court below in the decree.

The decree appealed from will be modified by eliminating the amount expended by the appellee in connection with the appeal to the Supreme Court of Kansas, and, as so modified, will stand affirmed.