Pullen *vs.* Whitfield.

SARAH E. PULLEN, administratrix, plaintiff in error, *vs.* JOHN G. WHITFIELD, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

Where suit is brought jointly against the surviving partner and the administratrix of the deceased partner, and the plaintiff dismisses it as to the surviving partner, and there is no allegation that the partnership is insolvent,

though the surviving partner has gone into bankruptcy individually, and there being no issuable defense filed on oath, the court entered up judgment against the administratrix alone, and these facts all appear of record:

*Held*, that the judgment is illegal, and should be arrested, the motion being made at the same term when the judgment was entered up, the administratrix having been absent from the state and having had no notice that the case had been dismissed as to her co-defendant.

Partnership. Joint obligors. Bankrupt. Pleadings. Judgments. Before Judge BUCHANAN. Troup Superior Court. November Term, 1874.

Reported in the opinion.

A. H. COX; B. H. HILL & SON, for plaintiff in error.

SPEER & SPEER, for defendant.

JACKSON, Judge.

John G. Whitfield brought suit against Albert E. Cox, as surviving partner of the firm of Pullen & Cox, and against two administrators, and Mrs. Pullen, as administratrix of the other partner, Charles D. Pullen, deceased. The two administrators ceased to be parties—one having died and the other never having qualified. On motion of plaintiff, the case was dismissed as to Cox, the surviving partner, because he had gone into bankruptcy, and at the same term of the court, judgment was entered up by the court against Mrs. Pullen, the administratrix, there being no issuable defense filed on oath. It appeared that Mrs. Pullen was absent from the state during all these proceedings, and had no notice thereof; and moved, by her counsel, afterwards, but at the same term of the court, to arrest the judgment, on the ground, substantially, that the suit was against partners on a joint partnership note; that Cox was the surviving partner, and that there was no allegation that the partnership was insolvent, and that all this appeared from the face of the pleadings. The court overruled the motion, and the defendant excepted.

The Code provides that the surviving partner has the right

to control the assets of the firm, and that he is primarily liable for their debts: Code, sec. 1907. The statutes allowing the administrator of the deceased partner to be sued in the same action, codified in sections 3348 and 3343 of the Code, do not change this *primary liability*, so as to make legal a judgment against the representative of the deceased partner *alone*, unless it appear that the assets of the partnership have been exhausted, and some good reason exists for not embracing the surviving partner in the judgment. In this case there is no allegation that the partnership assets have been exhausted. It appears that the surviving partner had gone into bankruptcy, and was therefore dismissed from the suit by the plaintiff; but it does not appear that he had been *discharged* as a bankrupt. Even if he had been so discharged, that discharge did not release the partnership assets, if there were any, from this debt. But he pleaded no discharge; the plaintiff voluntarily dismissed the suit as to him; and the court entered up judgment against the administratrix alone, thereby making the private property of the deceased partner *primarily* liable for the partnership debt. And all these facts appear of record; and we think that it thus appears of record that the judgment is illegal and should be arrested.

After the motion in arrest of the judgment had been overruled, a motion was made to set it aside on substantially the same grounds; but as the motion in arrest, under our view of the law, disposes of the case, it is unnecessary to consider the latter motion.

Judgment reversed.