McNAUGHT & COMPANY *vs.* BOSTICK, administrator.

1. Although one member of a firm may be dead, yet if no suit is instituted on an open account against such firm for more than four years after it becomes due, and no reason appears why suit was not brought against the surviving partner, the action is barred as to him, and he being primarily liable, this *laches* on the part of the plaintiff will discharge the administrator of the deceased partner.

2. The case having been brought against the surviving partner and the administrator of the deceased partner, it was error to allow it to be discontinued as to the former; and a new trial was properly granted.

December 4, 1883.

· Partnership.   Statute of Limitations.   Parties.   Before Judge CARSWELL.   Washington Superior Court.   March Term, 1883.

Reported in the decision.

E. S. LANGMADE, by SAMUEL BARNETT, Jr., for plaintiffs in error.

HINES & ROGERS, by H. E. W. PALMER, for defendant.

BLANDFORD, Justice.

The plaintiffs brought their action against Joseph M. G. Medlock, and A. O. Bostick, as administrator of B. W. Holt, alleging that the late firm of Medlock & Holt were indebted to them upon an account. At the trial term, the plaintiffs discontinued their case as to Medlock, surviving partner, and proceeded against Bostick, administrator of Holt, deceased, and obtained judgment. Defendant Bostick, administrator, moved for a new trial, upon the ground that the verdict was contrary to law and evidence, and because the court erred in allowing plaintiff to discontinue the case as to the surviving partner, Medlock, and proceed against Bostick, Holt's administrator. The court granted the new trial on the grounds taken, and this judgment is excepted to by plaintiffs, and error assigned thereon.

1. We think the court did right to grant the new trial upon all the grounds taken in the motion for new trial. The verdict was against the law and evidence in the case, the defendant having pleaded the statute of limitations. It appears the account became due in 1875; no suit or action was instituted thereon for more than four years after the same became due, and no reason appears why such suit was not instituted. Medlock, surviving partner, being in life then, as to him the action is barred, and he being primarily liable, this *laches* on the part of plaintiffs discharged the administrator of the deceased partner. Code, §§3348, 3349, 1907.

2. The court erred in allowing the case discontinued as to Medlock, surviving partner, as was decided in case of *Pullen vs. Whitfield*, 55 *Ga.*, 174; and the present case is controlled by that.

Judgment affirmed.