Coney, administratrix, *v.* Horne, administratrix.

1. A declaration against the administratrix of a decedent for the recovery of money alleged to have been received by the defendant's intestate as trustee for the plaintiff's intestate, alleging that the former intestate was trustee for the latter and as such managed her business and collected rents due to her, etc., specifying amounts, sets forth a cause of action, and is not barred by the statute of limitations if filed within ten years from the time the plaintiff's intestate had the right to sue, with the addition of one year for the time during which the defendant's intestate was by statute exempt from suit. It not appearing upon the face of the declaration that the plaintiff's intestate became of age, or that the alleged trust ceased to be active, more than eleven years before

the suit was brought, the declaration was not demurrable on the ground that the action was commenced too late.

2. The suit was not founded on the memoranda or writings set forth in the declaration, but upon a claim for accounting touching an alleged trust; and these papers were alleged as matter of evidence or inducement. Consequently it was immaterial whether or not they constituted a cause of action in and of themselves.

3. The demurrer on the ground that the declaration failed to allege that the defendant was of the county was sustainable, as the omitted allegation was necessary to show jurisdiction over the person. For·this defect, the judgment dismissing the action is affirmed, but with leave to reinstate if the plaintiff below will amend by supplying this allegation before the *remittitur* from this court is entered on the minutes in the court below.

April 30, 1894. Argued at the last term.

Complaint. Before Judge SMITH. Pulaski superior court. May term, 1893.

L. C. RYAN, for plaintiff. W. L. GRICE, for defendant.

LUMPKIN, Justice.

The plaintiff, Mrs. Coney, as administratrix of Miss Roberta N. Taylor, deceased, brought an action against Mrs. Elmira Taylor (who, during the pendency of the action, married O. A. Horne), as administratrix of Dr. A. R. Taylor, deceased. The declaration alleges that the defendant's intestate was the trustee of the plaintiff's intestate, while they were in life, and that, as such trustee, he managed her business and collected rents due to her. It sets out two writings, of which the following are copies:                    "August 8th, 1878.

"I this day become responsible to Roberta N. Taylor, or her heirs, for the sum of $595.00, execution against T. L. Taylor.          (Signed)

"Witness: C. R. Coney.          A. R. Taylor."

"Nov. 20, 1878.

"Due Roberta from me $675.00, for rents collected from H. H. Whitfield.     (Signed)    A. R. Taylor,

"Trustee R. N. Taylor."

The declaration further alleges, in substance, that Dr. Taylor received the specific amounts mentioned in

these papers, as trustee for the plaintiff's intestate, and prays a recovery of the same. It appears that, at the date of the first of these instruments, Miss Taylor was of age, but it does not appear how long before that time she had reached her majority, or when the alleged trust ceased to be active. The defendant demurred to the declaration on various grounds, only two of which require notice. One of these was, that the declaration on its face did not show any liability on the part of the defendant to the plaintiff; and the other was, that the declaration did not allege that the defendant resided in the county of Pulaski, where the action was brought.

1. The defendant contended that the general ground of the demurrer was good for two reasons: (1) that the declaration failed to set forth and describe the nature and character of the alleged trust; and (2) that the plaintiff's right of action was barred by the statute of limitations. As to the objection indicated by the first of these two reasons, we do not think the declaration was fatally defective. While it would have been better to set forth how the trust was created, and to state in more specific terms what the duties and obligations of the trustee were, enough is alleged to show liability on the part of defendant's intestate as a trustee of some kind. As to the claim that the plaintiff's cause of action was barred by the statute of limitations, we think it would be better practice for the demurrer itself to set forth in terms this special objection; but giving the general demurrer the full scope contended for, it was not maintainable in this respect. Section 2922 of the code provides that all actions against executors, administrators, guardians or trustees, except on their bonds, must be brought within ten years after the right of action accrues. It is well settled law that, under this section, legatees or distributees are allowed ten years from the time their respective legacies or shares in an estate be-

come due, within which to bring suit against an executor or administrator, and the statute of limitations does not begin to run against any person until after such person has arrived at majority. This section is expressly applicable to suits against trustees, as such. As the statute allowed Dr. Taylor's administrator exemption from suit for one year, at least eleven years must have elapsed from the time the plaintiff's intestate, or her representative, had the right to sue, in order to bar the right of action. It not appearing when Miss Taylor became of age, or that immediately upon her reaching her majority the alleged trust vested, we are unable to determine the exact time from which the eleven years should be computed; and consequently, the declaration does not affirmatively show upon its face that the cause of action is barred. This being so, the defence of the statute of limitations, if good at all, should have been made by plea, and not by general demurrer. *Stringer* v. *Stringer*, 93 *Ga.* 320, 20 S. E. Rep. 242.

2. As already stated, the ten years limitation is applicable in the present case. The action was not based on the writings set forth in the declaration, and consequently, does not fall within the six years limitation, as in the case of promissory notes. These writings were, indeed, hardly more than mere *memoranda*, and the real gist of the action was for an accounting touching the alleged trust. This being so, it is of no consequence whether these papers, in and of themselves, do or do not constitute a cause of action.

3. The ground of the demurrer that the declaration failed to allege that the defendant resided in the county of Pulaski was well taken, the omitted allegation being essential to show jurisdiction over the person of the defendant. Because of this defect in the declaration, we have felt constrained to affirm the judgment; but as this defect is easily curable by amendment, if the de-

fendant does in fact reside in the county,.we have given direction that if the plaintiff below will, before the *remittitur* from this court is entered on the minutes of the court below, supply the needed allegation by a proper amendment, the case may be reinstated.

*Judgment affirmed, with direction.*