BLACK *v.* HOLLAND *et al.*

SIMMONS, C. J.   A credit on a promissory note, in order to constitute a new point from which the statute of limitations will commence to run, must be in writing and signed by the maker or by some one by him authorized; or, if unsigned, such credit must be in the handwriting of the maker himself.   An unsigned credit, written by an agent of the maker, will not suffice to renew the promise or to constitute a new point from which the statute will run.   *Watkins* v. *Harris*, 83 *Ga.* 680.

*Judgment affirmed.   All the Justices concurring.*

Argued April 13, — Decided May 6, 1897.

Appeal.   Before Judge Reese.   Hart superior court.   March term, 1896.

On December 11, 1895, J. Q. A. Black sued Holland et al. upon a promissory note not under seal, dated June 2, 1874, due December 25, 1874, and bearing unsigned credits for sundry amounts paid on December 7, 1880, February 13, 1886, January 25, 1890, and January 6, 1894.   By way of amendment to the original summons in the justice's court, plaintiff alleged that the note was not barred by the statute of limitations, for the reason that the credits or payments placed thereon were payments actually made to plaintiff, and were entered as credits thereon by W. F. Black at the request of defendants and in their presence, and that W. F. Black was the agent of defendants and not of plaintiff, and had no interest in the note at that time or since.   The case having gone by appeal to the superior court, the judge there sustained the demurrer filed by defendants, upon the ground that the case was barred by the statute of limitations.   Plaintiff excepts.

*O. C. Brown, J. N. Worley* and *J. P. Roberts*, for plaintiff.
*W. L. Hodges* and *A. G. McCurry*, for defendants.