THORNTON *et al.* *v.* JACKSON, executor.

1. Where suit was brought by descendants of a legatee under a will against the executor of the legal representative of the testator, alleging that the part of the estate which should have been paid to such legatee but for her death had been wrongfully held by the legal representative of the estate from January 1, 1867, to the bringing of the suit by the plaintiffs in 1906, and praying judgment for the amount so withheld, with interest from the first named date, the suit was on its face barred by the statute of limitations.

2. Where on the face of the petition it appears that the suit is barred, the point may be raised by demurrer. If it does not so appear, the defense of the statute should be set up by plea.

3. If the declaration would show that the bar has attached, but the running of the statute is claimed to have been suspended by minority or for other legal reasons, the ground of such suspension should be stated.

4. An amendment which merely alleges that the action was brought within the time required by law, and other like conclusions and allegations, which were insufficient to save the petition from the demurrer, was properly rejected.

Submitted July 4,—Decided December 21, 1907.

Complaint. Before Judge Reagan. Fayette superior court. September 21, 1906.

Bennett Thornton, Mrs. Betty Parker, Lora Thornton, and Ola Lewis brought suit against Bryant Jackson, executor of Needham Jackson, deceased, alleging substantially as follows: In April, 1853, Jordon Jackson executed a will in which he bequeathed certain property to his wife for life, with direction that after her death it should be sold and the proceeds should be equally divided among his children, one of whom was Mary Jackson Thornton. Needham Jackson was nominated executor. The testator died, the will was probated, and Needham Jackson qualified as executor in 1862. In 1863 letters dismissory were granted to him. Subsequently, the widow of the testator having died, Needham Jackson again qualified as administrator of Jackson's estate. Under the will of Jordon Jackson his daughter, Mary Jackson Thornton, was entitled to a specific legacy of $250, and was also one of the residuary legatees, and as such was entitled to $105.00, making a total of $355.00. She died on September 1, 1863, intestate, leaving as her only heirs six children, namely, Bennett Thornton, Mrs. Betty Thornton Parker, Mrs. Mittie Thornton Lewis, Heyward Thornton, Jordon Thornton, and Herod Thornton. Of these Jordon and Herod settled with Needham Jackson, the executor of Jordon Jackson, with respect to their interests. Two of the other children of Mrs. Thornton, Bennett Thornton and Mrs. Parker, are among the present plaintiffs. Another son, Heyward Thornton, died, leaving as his only heir another one of the plaintiffs, Lora Thornton. The remaining child of Mrs. Mary Jackson Thornton (Mrs. Mittie Thornton Lewis) died leaving as her only heir her daughter, Ola Lewis, another plaintiff. There came into the hands of Needham Jackson, as administrator of Jordon Jackson deceased, the sum of $2,304.37 which was realized from the sale of property belonging to the estate of the decedent; and no payment of their share has been made to the plaintiffs, nor was any settlement made with their ancestress, Mrs. Thornton. Nor was Needham Jackson ever discharged as administrator, nor did he make any final return, or any return showing any payment to Mrs. Thornton, or to the plaintiffs. "The said Needham Jackson reduced the assets of the estate of the said Jordan Jackson, deceased, to cash prior to the first day of January, 1867; and has held and retained the

part of your petitioners and of their said ancestress, Mary Jackson Thornton, in his possession wrongfully from said first day of January, 1867, to the day of his death, and his said executor, Bryant Jackson, still holds same." He was indebted to the plaintiffs in the sum of $59.17 each, making a total of $236.68, "and these amounts bear interest at the rate of seven per cent. from January 1, 1867, to day of judgment." Needham Jackson died on July 3, 1905, leaving a will. Bryant Jackson, the defendant, is his executor. Judgment was prayed against him for the amount alleged to be due to the plaintiffs, with interest from January 1, 1867.

The defendant demurred to the petition, on the ground that no cause of action was set forth, and because it showed on its face that the action was barred by the statute of limitations. The plaintiffs offered an amendment alleging as follows: They have been unable to find any bond given by Needham Jackson as administrator, and therefore do not bring suit on any such bond. "Your petitioners further show that this suit was filed within the time provided by law, and within the statute of limitations after they or their ancestress under whom they claim were entitled to bring such action. Petitioners further show that none of them have now or have ever had a guardian or guardians to represent them in bringing this action, neither is there now nor has there ever been an administrator who was entitled or required to bring this action. . . Petitioners show that the statute of limitations does not begin to run against them and does not begin to run at all in favor of the administrator, under the law, until the administrator has made his final return and an order has been passed discharging the said administrator."

Objection was made to the proposed amendment, because it was indefinite and did not set out any cause of action and would make no difference in the original case. The objection was sustained. The demurrer to the original petition was sustained, and the plaintiffs excepted.

*J. W. Culpepper, Aldine Chambers,* and *W. M. Smith,* for plaintiffs. *J. W. Wise,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1-3. "All actions against executors, administrators, guardians or trustees, except on their bonds, must be brought within ten years after the right of action accrues." Civil Code, §3772. This was

an action by persons claiming under a legatee of a will against the executor of the legal representative of the original estate, alleging that a distributive share of the estate was wrongfully withheld from their ancestress, to whose right they claimed to have succeeded, and from them. It was an action against an executor or administrator (or his legal representative, standing in his stead), and it was just the character of suit to which the section of the code above quoted applied. Ten years was therefore the period of limitation which would bar the action, and not four years, as in the case of a mere creditor by account against the estate or its representative. Ten years began to run from the time when the cause of action accrued, and continued to run, unless it was suspended for some legal reason. The petition alleged that Needham Jackson reduced the assets of the estate of Jordon Jackson to cash prior to the first day of January, 1867, and had wrongfully held and retained the share of the estate belonging to their ancestress, Mary Jackson Thornton, and to them, from that date to the day of his death. They sought to recover interest on the amount for which suit was brought from January 1, 1867. Thus the petition on its face fixed that date as the time when the possession of Needham Jackson became wrongful, when the plaintiffs or their ancestress had a right to recover, when interest began to run in their favor, and consequently when the statute of limitations also began to run against them. Unless, therefore, the petition showed some legal reason why the statute was suspended, the action was barred. It was alleged that Mary Jackson Thornton died on September 1, 1863. Two of the present plaintiffs claimed as her children. At her death she also left other children, under two of whom the other plaintiffs claimed as heirs. None of the ages of her children were given. All must have been born before her death, and the youngest must have been of age in 1884. The present suit was brought in July, 1906. So that two of the plaintiffs were unquestionably barred in 1894, and the other two children of the legatee were then barred, if alive. The plaintiffs failed to allege when the two deceased children of Mrs. Thornton died. Nor did they allege their own ages, so as to show any suspension of the statute. The bar of the statute of limitations does not run against a continuing executory trust until its termination or repudiation. But the mere wrongful retention by an administrator of funds due to

an heir or legatee, after the estate is ripe for distribution and the fund ought to be paid over, does not stand on the basis of such a continuing executory trust. If on the face of the petition it appears that the action is barred by the statute of limitations, a demurrer will lie on that ground. If it does not so appear, a plea is the proper method of setting up the defense. In some cases, where it was doubtful when the right of action had accrued, or whether a trust was continuing, a plea was held to be the more appropriate mode of defense. *Coney* v. *Horne*, 93 *Ga.* 723; *Lane* v. *Lane*, 87 *Ga.* 268. In some of the decisions suit was delayed until long after returns had been made, or after an administrator had been discharged; and the plaintiffs were held to be barred. But the real test is, when did the right of action accrue? From that time the statute begins to run, unless suspended for some reason provided by law. As already shown, the plaintiffs alleged that the right of action which they sought to enforce accrued prior to January 1, 1867, and suit was filed nearly forty years later. The suit was barred, and the petition was properly dismissed.

We have not dealt with the question of the right of the plaintiffs to bring suit to recover the distributive share of their mother and grandmother, as her heirs or descendants, without showing that there was no administration, or that they had the assent of the administrator on her estate, because, under what has been said above, they were barred on the face of their petition. See, on the general subject, *Akins* v. *Hill*, 7 *Ga.* 573; *Jacobs* v. *Pou*, 18 *Ga.* 346; *Morgan* v. *Woods*, 69 *Ga.* 599 (4); *Hartley* v. *Head*, 71 *Ga.* 95; *Payne* v. *Bowdric*, 110 *Ga.* 549 (3) 557.

4. The proposed amendment set out mere legal conclusions, not facts. It would not have cured defects in the petition, and was properly rejected.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*