### 14151.   FENDER v. FENDER.

The right of subrogation being invoked by the surety in this case merely for the purpose of recovering payments made by him in discharge of installments due upon the principal's indebtedness and which the principal, in violation of his agreement, had failed and refused to pay, the surety could not be compelled to await the maturity of the entire indebtedness before proceeding against the principal for the sum paid in his behalf.

The court erred in sustaining the demurrer and dismissing the petition.
                     DECIDED MAY 21, 1923.

Action on bond; from city court of Leesburg — Judge Martin. November 29, 1922.

In August, 1911, the plaintiff, W. L. Fender, signed as surety for his brother, J. F. Fender, a bond conditioned for the payment of monthly installments of $60 by the principal obligor to Mittie E. Fender, his wife, during the joint lifetime of the

principal contractors. A copy of this bond is attached to the petition, and the plaintiff alleges that he, as surety, has paid each and every installment which has become due under the bond; and that the principal debtor has failed and refused to reimburse him for any of the amounts thus expended on behalf of the principal. In the petition he claims to be subrogated to the obligee's rights to the extent of the matured installments thereunder, all of which were fully paid off and discharged by the plaintiff. The trial judge dismissed the petition on demurrer, on the theory that, the obligee named in the bond being still in life, and the bond, therefore, not being fully satisfied, the plaintiff could not at this time maintain such an action to recover the matured installments paid by him.

*Terry Hendricks, Claude Paylon,* for plaintiff.

*Wallis & Fort,* for defendant.

JENKINS, P. J. 1. "A surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the rights of the creditor, and, in a controversy with other creditors, ranks in dignity the same as the creditor whose claim he paid. Civil Code (1910), § 3567. "He is entitled, also, to be substituted in .place of the creditor as to all securities held by him for the payment of the debt." § 3568. The "doctrine of subrogation is not founded on contract, but has its origin in a sense of natural justice. So soon as a surety pays the debt of the principal debtor, equity subrogates him to the place of the creditor, and gives him every right, lien, and security to which the creditor could have resorted for the payment of his debt." *American Nat. Bank* v. *Fidelity Co.,* 129 *Ga.* 126, 131 (58 S. E. 867, 12 Ann. Cas. 666). "This equitable principle of the surety's subrogation was incorporated into the code. Civil Code . . [of 1910, §§ 3567, 3568]. And since the code, as soon as the debt is paid by the surety, he is subrogated to all the rights of the creditor by vigor of the law, and not dependent upon any judicial proceeding. . . . Since the code a surety paying the debt of his principal not only could maintain a suit against his principal upon the implied promise raised by the law that the principal would indemnify the surety in case he paid the debt, but, being legally subrogated to the rights of the creditor, he may sue on the original indebtedness. In either case the action is for the enforcement of

the legal, as contradistinguished from an equitable right." *Sherling* v. *Long,* 122 *Ga.* 797, 799 (50 S. E. 935). But a joint principal is not subrogated in law to the rights of the creditor as against his coprincipal for contribution. *Sherling* v. *Long,* supra; *Train* v. *Emerson,* 141 *Ga.* 95, 97 (80 S. E. 554, 49 L. R. A. (N. S.) 950).

2. " The general rule is that a person is not entitled to be subrogated to a creditor's securities until the claim of the creditor against the debtor to secure which the securities were given has been paid in full; the creditor in the meantime is left in control of the debt, and all the remedies for collection. A pro tanto assignment or subrogation will not be allowed. The reason for this rule is that if the surety, upon making a partial payment, became entitled to subrogation pro tanto, and thereby became entitled to the position of an assignee of the property to the extent of such payment, it would operate to place such surety upon a footing of equality with the holders of the unpaid part of the debt, and, in case the property was insufficient to pay the remainder of the debt for which the guarantor was bound, the loss would logically fall proportionately upon the creditor and upon the surety." 25 Ruling Case Law, 1318 (§ 6) ; *Wilkins* v. *Gibson,* 113 *Ga.* 31 (3 *a*) (38 S. E. 374, 84 Am. St. Rep. 204) ; *Carter* v. *Neal,* 24 *Ga.* 346 (6) (71 Am. Dec. 136). " The rule that the debt must be paid in full has in apparently every instance been invoked for the protection of the creditor, and never to defeat contract obligations in the interest of the debtor alone." 25 R. C. L. 1319. Thus, where the remedy sought by the surety against the principal debtor is not the apportionment or application for his benefit of securities in the hands of the creditor, but the right of subrogation is invoked merely for the purpose of recovering partial payments which have fallen due in installments, and which the principal debtor, in violation of his agreement, has failed and refused to pay, but which the surety has fully discharged, the surety can not be compelled to await the maturity of the principal's entire indebtedness before thus proceeding against him for the installments actually paid in his behalf. *Nettleton* v. *Ramsey County,* 54 Minn. 395 (56 N. W. 128, 40 Am. St. Rep. 342). Where, without affecting or disturbing any securities held by the creditor, the principal debtor is thus merely required to reim-

burse the surety in the amount of the installments for which the principal debtor was primarily liable to the creditor, this cannot be taken as impairing the rights of the creditor, or subjecting him to trouble, expense, or risk, since under the creditor's contract it was assumed that the principal debtor would pay; and besides, whatever sum the surety might thus obtain will inure to the benefit of the creditor, since the surety remains liable with the principal debtor for the unmatured installments. The court erred in sustaining the demurrer to the plaintiff's petition.

> *Judgment reversed. Stephens and Bell, JJ., concur.*