BOLTON *et al. v.* KELLY & SONS *et al.*

No. 7059.   OCTOBER 18, 1929.

*J. H. Felker,* for plaintiffs in error.

*A. M. Kelly* and *Orrin Roberts,* contra.

HILL, J. When this case was here on a former occasion it was held: "The court was not authorized, under the evidence, to direct a verdict in favor of the plaintiffs. Even if such a verdict would have been authorized upon a showing that the deed from M. W. Bolton to J. W. Bolton had, at the instance of Kelly & Sons, been set aside as fraudulent, it does not appear that it had been set aside; nor was the court authorized to hold as a matter of law that the deed was void. And the land having been sold as the property of J. W. Bolton, the court could not, in the absence of a judgment or decree setting aside the deed referred to, hold that the money arising from the sale of the land under the exercise of the power of sale was subject to a judgment against M. W. Bolton." On the second trial the verdict was in favor of the plaintiffs, and a decree was entered that the deed from M. W. Bolton to J. W. Bolton be set aside, and that the fund arising from the sale of the land in controversy under the power contained in the deed from J. W. Bolton to Union Banking Company was subject to the judgment of Kelly & Sons, but that it was also subject to the right of M. W. Bolton to take a homestead in the same.

■ Three of the special grounds (4, 5, 6) of the motion for new trial relate to statements by the court in its charge to the jury as to the contentions of the parties, it being alleged that the court expressed an opinion that the transfer of the lands in controversy by M. W. Bolton to J. W. Bolton was fraudulent. Upon a careful consideration of the record, we are of the opinion that these grounds are without merit.

■ The ninth ground of the motion is incomplete and raises no question for decision.

■ The seventh ground complains of the court's failure to charge principles of law, which it is insisted are applicable to the case. Considering the charge in its entirety, this ground is without merit.

■ The twelfth ground complains because the court refused to direct a verdict for the defendants. Refusal to direct a verdict is no cause for reversal of the judgment.

■ Headnote 5 does not require elaboration.

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*