## COMBES v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

No. 10395. NOVEMBER 20, 1934.

*McCullar & McCullar,* for plaintiff.
*Sibley & Allen,* for defendant.

HUTCHESON, J. The petition alleges that the Northwestern Mutual Life Insurance Company issued a policy of insurance on the life of James S. Combes, the plaintiff, on June 30, 1917; that Combes made payment of premiums up to December 30, 1919; that on May 30, 1922, the policy had a cash surrender value of $28.48; that the plaintiff made demand on the agents of the company for this amount, tendering the policy at that time; that again on August 15, 1925, he renewed his demand for such surrender value; that he did so many times between August, 1925, and March, 1933; and that "the fraud complained of in the defendant has only recently been discovered, to wit, on or about March 9, 1933, when petitioner's attorney received a letter dated March 7, 1933, from the home office of the defendant corporation, definitely and finally declining any responsibility under said contract of insurance." However, the petition alleges "that the defendant fraudulently made and entered into said contract, and that at the time of making said contract had no intention of living up to its provisions, but that the same was a clever fraudulent scheme to obtain plaintiff's money, and that because of the defendant's fraudulent scheme, fraudulent activity, misrepresentation and bad faith, that he has been damaged as elsewhere herein set out." The petition was filed on December 19, 1933; and in view of this latter allegation the plaintiff could not avoid the statute of limitations by saying that the alleged fraud was not discovered until March 7, 1933, when the letter was received from the home office. It is true that the Civil Code (1910), § 4380, provides that "If the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud," but the allegations of the petition, as amended, are not sufficient to toll the statute of limitations. *MacIntyre* v. *Cotton States Life Insurance Co.*, 82 *Ga.* 478 (9 S. E. 1124); *Thornton* v. *Jackson*, 129 *Ga.* 700 (59 S. E. 905). The court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*