LEE *et al.* v. HOLMAN *et al.*

No. 11306.   JUNE 12, 1936.

*Dorsey & Meeks,* for plaintiffs in error.

*R. E. Lee* and *McDonald & McDonald,* contra.

GILBERT, Justice. Mrs. S. B. Holman filed her petition against Mrs. W. H. Lee individually and as executrix of the estate of W. H. Lee, and against Anne Harriett Lee, the infant daughter of Mrs. W. H. Lee and her deceased husband, W. H. Lee, and against R. E. Lee and the Metropolitan Life Insurance Company, alleging substantially as follows: On September 16, 1919, R. E. Lee and W. H. Lee executed a promissory note for $2000 in favor of Atlanta Trust Company, due October 1, 1924. That company indorsed and delivered this note to the insurance company, which became a holder in due course. Simultaneously with the execution of the note R. E. Lee and W. H. Lee executed and delivered to the trust company a deed to certain land to secure the note. W. H. Lee died and left surviving his wife and their minor daughter, Anne Harriett. On November 18, 1919, the trust company transferred the note and conveyed the land to the insurance company. The petitioner is the sister of R. E. Lee and W. H. Lee. On October 10, 1924, the said brothers, being already indebted to her on a promissory note for $1000, and being unable to pay the note held by the insurance company, agreed with her that if she would advance the money to pay the note she should become subrogated to the rights of the insurance company and should have the same lien on the land conveyed to secure the note that the insurance company had. In accordance with the agreement she paid off the note, which, with the deed, she received from the insurance company, and now has possession of all the papers. The amount she paid was $1700, and she is entitled to be subrogated to all the rights and remedies of the insurance company against W. H. Lee and R. E. Lee, and, in view of the fact that W. H. Lee is now dead, against his representatives and heirs; and she is entitled to a judgment against the administratrix of W. H. Lee and against R. E. Lee for $1700 and accrued interest, and is entitled to a special lien on the realty, from September 16, 1919. She prayed that a guardian ad litem be appointed for the infant daughter and heir of W. H. Lee, deceased; for judgment for the amount of principal and interest because of the payment to the insurance company under the agreement aforesaid; that the judgment be declared a special lien on the realty; that the realty be

sold to satisfy the judgment, and that the purchaser obtain a fee simple title to the same; etc. Mrs. W. H. Lee, individually and as administratrix, and as guardian ad litem for Anne Harriett Lee, demurred to the petition, on the ground that it did not set forth any cause of action at law or in equity. The court overruled the demurrer, and the defendants excepted.

The question involved is whether or not Mrs. Holman is entitled, as against the defendants, to be subrogated to the rights of the insurance company. If so, the petition was good as against the general demurrer. Subrogation, which is derived from the old civil law, is of two kinds, legal subrogation, which arises by operation of law, and conventional subrogation, which is applied on equitable principles where the person paying a debt to a creditor of another does so under an agreement, express or implied, with the debtor or creditor, that he shall succeed to the rights of the creditor. The latter is distinguished from legal subrogation by the descriptive word "conventional," a word formed from its Latin parts, "con," which is equivalent to the English "together," and "venire," which means "to come." By "conventional," therefore, is meant a coming together or agreement, and in conventional subrogation the minds of the parties come together or agree that the person paying the debt shall be subrogated to the rights of the creditor against the debtor. As the term suggests, the convention or agreement excludes any idea of a mere volunteer who makes a payment in an independent way or under his own presumption that he will succeed to the rights of the creditor. The doctrine of subrogation has been dealt with in numerous decisions of this court. "It is founded upon the dictates of refined justice. Its basis is the doing of complete, essential, and perfect justice between all the parties, without regard to form, and its object is the prevention of injustice." *Cornelia Bank* v. *First National Bank,* 170 *Ga.* 747, 750 (154 S. E. 234). As was said in *Mortgage Guarantee Co.* v. *Atlanta Commercial Bank,* 166 *Ga.* 412, 418 (143 S. E. 562) : "The subject of subrogation has been elaborately and learnedly discussed in *Wilkins* v. *Gibson,* 113 *Ga.* 31, 47 (38 S. E. 374, 84 Am. St. R. 204), a case frequently followed. After a lengthly discussion of the question, the conclusion reached, as far as is applicable here, is as follows: 'We think the safer and better rule to be, and we therefore hold, that

subrogation will arise only in those cases [1] where the party claiming it advanced the money to pay a debt which, in the event of default by the debtor, he would be bound to pay, or [2] where he had some interest to protect, or [3] where he advanced the money under an agreement, express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor. See Ætna Insurance Co. *v.* Middleport, 124 U. S. 534 (8 Sup. Ct. 625, 31 L. ed. 537).' *Ragan* v. *Standard Scale Co.,* 128 *Ga.* 544 (58 S. E. 31) ; *Erwin* v. *Brooke,* 159 *Ga.* 683 (126 S. E. 777)."

It is under the third clause of the rule above quoted that Mrs. Holman is claiming that she is entitled to conventional subrogation because of money paid the creditor for the debtor under an express agreement with the latter. There is no question of any competing lienholder. The sole issue is as to the right of Mrs. Holman to be subrogated as against those for whom she paid the debt. It is contended by the plaintiffs in error, that, as the agreement between Mrs. Holman and her brothers was not in writing, the statute of frauds prevents her from claiming the right to be subrogated. The principle governing conventional subrogation, however, is entirely apart from any requirement that the agreement be in writing; and we know of no case in which it is held that the agreement must be so expressed. In 60 C. J. 704, § 14, it is stated that the agreement need not be in writing (citing). This is in accord with the statement in *Cornelia Bank* v. *First National Bank,* supra, that the basis of subrogation is the doing of complete, essential, and perfect justice between the parties, without regard to form. It is plainly set forth in the petition in the present case that an agreement was made between Mrs. Holman and her two brothers, the debtors, that if she would pay the debt owing to the insurance company she would be subrogated to the rights of the latter, and that she performed that agreement by paying the insurance company the full amount due. She is in possession of the note and the deed which the insurance company held; but unless equity come to her aid and enforce the subrogation to which she is entitled, the debt being paid and the encumbrance extinguished, an intervening lien on the property of the debtors next in dignity might take its place. She needs to cut off such a possibility as against her interest, and a court of equity

will come to her aid. The petition shows her, not in the capacity of a mere volunteer, but as one with whom an express agreement was made by the debtors. Furthermore, it might be said that she had an interest in removing the jeopardy under which the property of her brothers stood. She was not only their sister, but at the time that she paid the debt her brothers were already indebted to her, and she was naturally interested in seeing that the property did not become permanently divested and perhaps leave her without any recourse for the collection of the debt that she held against the brothers. The petition set forth a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*