30000.   MURRAY, administrator, *v.* BALDWIN.

DECIDED JUNE 8, 1943.

*R. R Jones,* for plaintiff in error.   *Farkas & Burt,* contra.

MACINTYRE, J.   Miss Florence A. Baldwin filed suit in the Superior Court of Terrell County, on December 2, 1941, against J. L. Murray as Administrator of the A. J. Baldwin estate, on a promissory note, under seal, signed by A. J. Baldwin, dated January 25, 1911, and maturing January 1, 1912, said note being for the principal sum of $555.58, and stipulating "for value received, payable at interest to be compounded at 8%, with interest after maturity until paid at 8% per annum."   The petition was amended by alleging that A. J. Baldwin died on January 13, 1925; that W. A. Baldwin and W. R. Baldwin qualified as executors of his estate on February 2, 1925; that W. R. Baldwin died on May 29, 1930; and that W. A. Baldwin continued to act as executor until his death on February 26, 1941.   On the back of the note appears the following: "This note is made for cash deposited with A. J. B. & Co. 1899 to 1902, and interest on same to Jan. 1st, 1912, at 8% compound 1/25/11.                                                    A. J. Baldwin.
See Ledger J. page 57.

Principal due 1-1-12 ........................... 555.58

41.46

597.04

Int. to 1-1-13 ........................... 47.76

644.80

Int. to 1-1-14 ........................... 51.58

696.38

Int. to 1-1-15 ........................... 55.71

752.09

Int. to 1-1-16 ........................... 60.17

812.26

Int. to 1-1-17 ........................... 64.98

877.24

Int. to 1-1-18 ........................... 70.18

947.42

Int. to 1-1-19 ........................... 79.36

1026.78

Int. to 1-1-20 ........................... 82.14

1108.92

Int. to 1-1-21 ........................... 88.71

1197.53

Int. to 1-1-22 ........................... 95.80

1293.33

Int. to 1-1-23 ........................... 103.47

1396.80

Int. to 1-1-24 ........................... 111.74

1508.54

Int. to 1-1-24 ........................... 120.70

1629.24

Int. to 1-1-25 ........................... 130.34

1959.58

The defendant demurred to the petition as amended, on the grounds, (1) that it set forth no cause of action, and (2) that it showed on its face that the note sued on was barred by the statute

of limitations. The court overruled the demurrer, and the defendant excepted.

Since the note sued on matured January 1, 1912, and suit was not filed until December 2, 1941, it is apparent that the demand was barred by the statute of limitations, unless it appears that the original liability was revived or extended. "A new promise shall revive or extend the original liability; it shall not create a new one. A payment entered upon a written evidence of debt by the debtor, or any other written acknowledgment of the existing liability, shall be equivalent to a new promise to pay." Code, §§ 3-904, 3-903. The question then is, are the entries (notations) on the back of the note in this case sufficient to extend or revive the original liability, where the notations are in the handwriting of the deceased whose administrator is being sued? The plaintiff contends that the suit was not brought within twenty years after the maturity of the sealed note, and that there was no written acknowledgment of an existing liability within twenty years before the bringing of the suit, which would take it outside the statute of limitations. It seems to us that the entries on the back of the note as made by the defendant are in a form similar to a debit sheet (such as might properly be entered on a debit sheet in a ledger or an account book of a debtor, so as to keep an account of how much he owed a creditor at the end of each year), and that the making of the entries by the deceased, A. J. Baldwin, in his own handwriting on the back of the note under such circumstances and in such a form was the equivalent of charging himself with yearly interest on the first day of January of each year from January 1, 1912, to January 1, 1925, and adding it to the old principal, and thus ascertaining the new principal upon which interest for the succeeding year was to be computed. Such entries if so made on the first of each year had the identical effect of a written acknowledgment of the liability as it existed on each of these dates. "Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action shall have accrued, but no instrument shall be considered under seal unless so recited in the body of the instrument." Code, § 3-703. The suit brought on December 2, 1941, was not barred by the statute of limitations requiring a suit to "be brought within 20 years after the right of action shall have accrued."

The plaintiff in error contends also that § 3-709, "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued," is applicable, and that the present action is barred because it was not commenced within ten years after the right of action accrued. To this we can not agree; for we think that this Code section "refers to actions by the beneficiaries of the estate for their interests in it, and not to actions by creditors or others holding claims against the estate." Redfearn on Wills, 451, § 258; *Coney* v. *Horne*, 93 *Ga.* 723 (2), 726 (20 S. E. 213); *Thornton* v. *Jackson*, 129 *Ga.* 700, 702 (59 S. E. 905); *Jeffcoat* v. *Deas*, 33 *Ga. App.* 26 (125 S. E. 507).

The plaintiff, being a creditor of the estate, does not come under § 3-709. The note sued on was a sealed instrument, and the written acknowledgments of the existence of the liability to pay the note are equivalent to a new promise to pay it, and the effect thereof is to revive or extend the original liability for twenty years from the date of the last of these written acknowledgments. *Webb* v. *Carter*, 62 *Ga.* 415; *Dawson* v. *Godkins*, 28 *Ga.* 310; *Black* v. *Holland*, 102 *Ga.* 523 (27 S. E. 671); *Moore* v. *Moore*, 103 *Ga.* 517 (30 S. E. 535); *Sammons* v. *Nabers*, 186 *Ga.* 161 (197 S. E. 284); *Dickinson* v. *McCamy*, 5 *Ga.* 486, 488 (48 Am. D. 298); *Kelly* v. *Strouse*, 116 *Ga.* 872 (11) (43 S. E. 280). We think that under the pleading the note sued on was not barred by the statute of limitations. The judge did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*