37417. LEONARD *v.* CESARONI, Executor.

DECIDED NOVEMBER 10, 1958—REHEARING DENIED
DECEMBER 1, 1958.

*John M. Brennan, Spalding, Sibley, Troutman, Meadow & Smith, David H. Gambrell,* for plaintiff in error.

*Robert E. Falligant,* contra.

GARDNER, Presiding Judge. Counsel for the plaintiff correctly state that the issue before this court is whether or not the items of the account which arose prior to 1951 are, as a matter of law, barred by the statute of limitation. Code § 3-706 provides that the statute of limitation does not run on an open account until the expiration of four years. The statute of limitation is "tolled" for one year following the qualification of an executor or administrator. See *Coney* v. *Horne,* 93 *Ga.* 723 (20 S. E. 213). As has been many times said, the statute of limitation runs from the date when the account becomes due. See *Adkins* v. *Hutchings,* 79 *Ga.* 260 (4 S. E. 887). Headnote 8 of that case reads in part as follows: "All open accounts made in the conduct of a business, unless otherwise agreed expressly or by implication, become due and payable at the end of the year for which they

are made, and the statute of limitations does not begin to run until they are due." The dispute in the instant case concerns the dates upon which the items of the account were due. Counsel for the defendant, in the brief, admit that "at the time of Cesaroni's death, the unpaid portion of the account was only slightly more than four years old." Counsel for the plaintiff cites *Burkhalter* v. *Burkhalter,* 35 *Ga. App.* 315 (132 S. E. 914) as authority for this court reversing the trial court because, since the Burkhalter case held that six and one-half years was not unreasonable delay, as a matter of law, the delay in the instant case was not unreasonable. Nevertheless even counsel for the plaintiff admit that the open account was more than four years old at the time of the death of the deceased.

It must be remembered that the original action on the open account had attached thereto copies of various items which were due and payable as each statement was rendered. The record shows that the last time the account was paid in full was in 1948. It seems that the whole transaction was carried on in a very unbusinesslike manner, but nevertheless when such situations must be determined in the field of law, it becomes necessary to apply the law to the facts, and in this case it is clear that the plaintiff in carrying on business let the account run for years without an understanding in writing. Code § 3-901 provides as follows: "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or someone authorized by him." It is thus seen that the plaintiff was guilty of laches in failing to have the account put in writing for a sum definite as to the accounts against which the statute of limitation had run, but on the other hand the plaintiff just drifted along and thus lost his right to plead that the statute of limitation had not run.

Counsel for the plaintiff cite *Chandler* v. *Chandler,* 62 *Ga.* 612, supporting the theory that a jury could negative the plea of the statute. We have read the pleadings and facts of that case including the petition and demurrers thereto and find that they are not on all fours with the case at bar. Invoking a statute

or refusing to invoke a statute is a question of law for the determination of the courts. The instant case turns on whether or not the time for payment was extended. Even though the time was extended, as contended, it should have been done in writing, as we have shown hereinabove. It appears that the oral agreements were too vague to be the basis for any different legal construction other than that placed thereon by the trial court in his rulings on the demurrers. In *Savannah Bag Co. v. Citizens Bank & Trust Co.*, 40 *Ga. App.* 370 (2) (149 S. E. 710) this court said: "A contract by which a banking corporation agreed to make periodic loans of money to another from time to time within a stipulated period, without any limitation on the aggregate amount to be loaned at any one time, but that the loans would be made from time to time as the borrower's needs might require, was too indefinite and uncertain, as respects the obligation resting upon the bank, to be capable of enforcement." In *Mobley v. Murray County*, 178 *Ga.* 388 (1) (173 S. E. 680) that court said: "When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.'" So it seems that under all the law pertaining to situations like the one we have before us the trial court did not err in his rulings on the demurrers.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*