22783. BLACKSTOCK v. MURPHY, Executor, et al.

SUBMITTED JANUARY 11, 1965—DECIDED FEBRUARY 4, 1965— REHEARING DENIED FEBRUARY 18, 1965.

*J. N. Rainey, E. C. Stark,* for plaintiff in error.

*Wheeler, Robinson & Thompson, Davis & Davidson, Harben & Harben, Sam S. Harben, Sam S. Harben, Jr.,* contra.

DUCKWORTH, Chief Justice. The intervention, in substance, alleges a suit for payment of salary, funds paid out by a confidential clerk in the running of the business, less the value of a small farm and other items received by him from the business; and that his actions were ratified by the surviving partner or partners and/or their representatives or heirs of the deceased partner or partners. Litigation involving the business began October 18, 1956 (*Murphy v. Murphy,* 214 Ga. 602, supra). The services of the intervenor for which he seeks pay began January 1, 1955, and ended February 28, 1957, a few months after litigation to appoint a receiver began, but he failed to file this intervention until April 24, 1964. The petition shows on its face that

the statute of limitation of four years has run on his action for salary as a creditor (see *Code* §§ 3-706, 3-707, 3-711; *Mobley v. Murray County*, 178 Ga. 388, 173 SE 680; *Leonard v. Cesaroni*, 98 Ga. App. 715, 106 SE2d 362) ; and while it is extremely doubtful that he could maintain the action against anyone except the surviving partner or partners who employed him (*Code* §§ 75-109, 75-310), the allegations of ratification being insufficient, yet he is certainly guilty of laches in failing to file his intervention in this case until this late date, almost four years after the statute of limitation of four years as a creditor and more than seven years after the original suit was filed and after the deaths of all of the partners. See *Code* §§ 3-712, 3-713, 37-119.

While counsel cites *Code* § 3-709 and a number of cases involving beneficiaries of estates against administrators or trustees, and apparently seeks to maintain that the intervenor has 10 years after the right of action has accrued to sue the receiver as trustee or the representatives of the individual estates of the deceased partners, yet as a mere creditor he is subject to the statute of limitation of four years; and this action is barred on its face. See *McNaught & Co. v. Bostick*, 71 Ga. 782; *Coney v. Horne*, 93 Ga. 723, 726 (20 SE 213) ; *Murray v. Baldwin*, 69 Ga. App. 473, 476 (26 SE2d 133) ; *Herrington v. Herrington*, 70 Ga. App. 768, 771 (29 SE2d 516) ; *Higginbotham v. Adams*, 192 Ga. 203 (2) (14 SE2d 856). Compare *Thornton v. Jackson*, 129 Ga. 700 (59 SE 905).

The demurrer squarely raises the issue of the statute of limitation, and the court did not err in sustaining it and in dismissing the intervention.

*Judgment affirmed. All the Justices concur.*